BRYAN ATWATER vs. ISAAC J. HOUGH AND ANOTHER.

The defendants made an oral contract with the plaintiff to deliver to him one hundred sewing machines of a certain description, at a time and place designated, upon condition that a part of them, not then finished, should be completed in season by a person who was making them for the defendants. The defendants were not manufacturers of sewing machines, but had fitted up a shop for their manufacture, and had contracted with a third party to occupy the shop and make machines for them at a certain price each, they furnishing the shop-room, mate-

Atwater v. Hough.

rials and tools. At the time of the contract they had on hand thirty-six completed, which the plaintiff agreed to take, and the remaining sixty-four were in the process of manufacture in the shop ; and the whole were to be boxed by the defendants and delivered together. Held, that the contract of the defendants was a contract for the sale and not for the manufacture of the machines, and was within the statute of frauds.

Held also, that if the contract was to be regarded as to the sixty-four machines not completed, as a contract to manufacture and not merely to sell, yet as the contract was an entire one, and, as to the thirty-six machines completed, was clearly a contract to sell, and within the statute of frauds, the whole contract was brought within the operation of the statute.

Held also, that the work to be done by the defendants in boxing the machines and in transporting them to the place of delivery, did not prevent the operation of the statute upon the contract.

ASSUMPSIT, for breach of a contract to manufacture and deliver to the plaintiff one hundred sewing machines.

On the trial to the jury on the general issue, the plaintiff offered evidence to show that, on the 18th of March, 1858, he made a parol contract with the defendants for one hundred sewing machines, of the plaintiff's patent, to be boxed and delivered at the Berlin depot, on the Saturday but one thereafter, to be finished in accordance with a model then in their possession, furnished by the plaintiff, except a type metal guide in the looping apparatus, for the price of $5.75 for each machine ; which contract the defendants failed to fulfill. There was no note or memorandum of the contract nor an acceptance of part of the goods or earnest given. The defendants objected to the evidence, but it was received, subject to exception and the instruction of the court to the jury. The defendants were manufacturers of tinners' tools, but had been induced by other parties, who were assignees of an interest in the plaintiff's patent, to fit up a part of their establishment for the manufacture of sewing machines, and had contracted with a firm of mechanics, named Bell & Brooks, to occupy the premises so fitted up, and make the machines for a given sum each, the defendants furnishing materials, shop-room and tools. At the time of the making of the contract with the plaintiff, the defendants had a contract with, and were having the machines made for, the other parties referred to, and had on hand a number finished accord-

ing to the model, and enough others in parts in the works to make the one hundred ; and agreed to furnish them to the plaintiff, with the assent of the party for whom they were originally intended. The defendants denied that their contract was absolute, as claimed by the plaintiff. and insisted that it was conditional merely ; viz. : that they were to furnish them if Bell & Brooks should they get them completed. They further claimed, and offered evidence to show, that when they made the contract they were not themselves making the machines, but that they were being manufactured for them by Bell & Brooks ; that of the one hundred machines thirty-six were completed, ready for use, and had been delivered by Bell & Brooks to them and accepted, and were shown to the plaintiff and agreed to be taken by him as part of the one hundred contracted for ; that all the materials for the remainder had been furnished Bell & Brooks, and that they were all in process of manufacture by them and partly made, and that nothing was contracted for or expected to be done for the plaintiff by the defendants except to receive the machines from Bell & Brooks, when finished by them, and box those completed and to be completed, and deliver them to the plaintiff, and excepting that the defendants agreed with Bell & Brooks, in order to expedite the finishing of the machines, that they would procure of one Newell certain studs and screws ready made, to save Bell & Brooks the time which it would require to make them, but which were to be so procured at the expense of Bell & Brooks. It appeared that the plaintiff contemplated a change in the guide of the looper, but that it was not to be furnished or affixed by the defendants. The guide contemplated was to be applied by Bell & Brooks, when completing the machines, if furnished by the plaintiff in time, and could be applied at any time after the machines were completed, but the plaintiff did not furnish it.

The defendants claimed that the contract was a mere contract of sale, and was within the statute of frauds, and prayed the court to instruct the jury that, if they found the facts as claimed by them, the contract was within the statute and void. The court, for the purposes of the case, and in order to

have certain other questions passed upon by the jury, omitted to charge the jury as requested, and a verdict having been rendered for the plaintiff, the defendants moved for a new trial.

*C. Chapman* and *D. R. Wright,* in support of the motion, cited 2 Parsons on Cont., 334; *Rondeau* v. *Wyatt,* 2 H. Bla., 63; *Garbutt* v. *Watson,* 5 B. & Ald., 613; *Chater* v. *Beckett,* 7 T. R., 201; *Mechelen* v. *Wallace,* 7 Ad. & El., 49; *Thomas* v. *Williams,* 10 Barn. & Cress., 664; *Loomis* v. *Newhall,* 15 Pick., 167; *Mixer* v. *Howarth,* 21 id., 205; *Spencer* v. *Cone,* 1 Met., 283; *Lamb* v. *Crafts,* 12 id., 353; *Waterman* v. *Meigs,* 4 Cush., 497; *Irvine* v. *Stone,* 6 id., 508; *Hight* v. *Ripley,* 19 Maine, 137; *Crookshanks* v. *Burrell,* 18 Johns., 58; *Sewall* v. *Fitch,* 8 Cowen, 215; *Thayer* v. *Rock,* 13 Wend., 53; *Downs* v. *Ross,* 23 id., 270; *Courtwright* v. *Stewart,* 19 Barb., 455; *Robertson* v. *Vaughn,* 5 Sandf., S. C., 1.

*T. C. Perkins* and *C. E. Perkins,* contra, cited Browne on Stat. of Frauds, § 310; *Allen* v. *Jarvis,* 20 Conn., 38; *Spencer* v. *Cone,* 1 Met., 283; *Bird* v. *Muhlinbrink,* 1 Richardson, (So. Car.,) 199; *Mixer* v. *Howarth,* 21 Pick., 205; *Bronson* v. *Wiman,* 10 Barb., 406; *Donovan* v. *Willson,* 26 id., 138; *Eichelbergen* v. *M'Cauley,* 5 Har. & Johns., 213; *Hight* v. *Ripley,* 19 Maine, 137; *Sewall* v. *Fitch,* 8 Cowen, 215, 219; *Rondeau* v. *Wyatt,* 2 H. Bla., 63; *Clayton* v. *Andrews,* 4 Burr., 2101; *Cobbold* v. *Caston,* 8 J. B. Moore, 456.

SANFORD, J.   In this case the defendants requested the court to charge the jury that, if they found the facts *as claimed by the defendants,* the contract was within the statute of frauds and void and therefore that their verdict should be for the defendants.   The court did not charge the jury as requested, and the question reserved for our advice is, whether upon the facts *as claimed by the defendants* and detailed in the motion, the agreement between these parties was, or was not, a contract for the sale of goods.

These facts are, that the defendants themselves were not

manufacturers of sewing machines, but they had fitted up a shop for the manufacture of them, and had contracted with Bell & Brooks to occupy the shop and make machines there, at a stipulated price for each machine, the defendants furnishing materials, shop-room and tools. They had a contract with, and were having machines made for, other parties, and had thirty-six finished machines on hand, which the plaintiff agreed to take as part of the one hundred contracted for. Bell & Brooks had the materials for the rest of the hundred, and had them in the process of manufacture, and nothing was to be done for the plaintiffs by the defendants but to receive the balance of the machines from Bell & Brooks when finished by them, and to box and deliver the whole to the defendants. The obligation of the defendants was not an absolute, but only a conditional one; they were only to furnish the machines to the plaintiff if Bell & Brooks should get them completed.

This was, in my judgment, an agreement for the purchase and sale of complete machines. It had indeed nothing to do with the manufacture of them, except as their completion by Bell & Brooks affected the defendant's obligation under the condition above mentioned. The manufacture of the machines had already been provided for by an independent contract made before, and without any reference to, this contract with the plaintiff. The machines were originally intended for, and were being made to supply an order from, another purchaser, and this contract with the plaintiff was to affect only their ultimate destination after they should be made and should have come to the hands of the defendants as their machines. The work remaining to be done upon the unfinished machines was not to be done upon the plaintiff's materials, or at his request, or for his use. The thirty-six machines were, and the sixty-four upon their completion would be, the property of the defendants, and the plaintiff would have no property in any of them until their delivery to him by the defendants. The defendants were to bestow none of their labor, skill, or care, upon the machines, or to do anything whatever in the manufacture of them, and it was of no importance by

whom they were manufactured, or in what market they were procured. If they were in all particulars like the model they would satisfy the contract.

The understanding and intention of the parties, as that is evinced by the stipulations which they have entered into and the language they have used, is always the rule by which contracts are to be interpreted and enforced. And it seems clear that this was substantially, and according to the intention and understanding of the parties, a contract for the purchase and sale of finished goods, and not for the making of them; for the transfer and acquisition of property in finished machines, and not for materials, and work and labor upon materials, in making them.

In the case of *Gardner* v. *Joy*, 9 Met., 177, Shaw, Ch. J., said, "If it is a contract to sell and deliver goods, whether they are then completed or not, it is within the statute; but if it is a contract to make and deliver an article or quantity of goods, it is not within the statute." In this case the defendants, as they claimed, made no contract to make the machines, they only agreed to sell and deliver them, or, in the language of the motion, to furnish them if Bell & Brooks should get them completed. See also *Smith* v. *Surman*, 9 Barn. & Cress., 561. *Watts* v. *Friend*, 10 id., 446. *Lamb* v. *Crafts*, 12 Met., 353.

This was indeed an executory contract, the machines were to be delivered at a future time, but notwithstanding the decisions of the courts in the earlier cases, it seems now to be settled, in accordance with the rules of just interpretation, as well as the dictates of reason and common sense, that a contract for the sale of goods is not without the purview of the statute merely because it is executory. *Rondeau* v. *Wyatt*, 2 H. Bla., 67. *Garbutt* v. *Watson*, 5 B. & Ald., 612. *Downs* v. *Ross*, 23 Wend., 270. 2 Parsons on Contracts, 334, and note. Cases involving the question now under consideration have often arisen, and the distinctions made by judges in deciding them have in some instances been extremely nice, and it is not to be denied that it is difficult if not impossible to reconcile all those determinations. And perhaps too, no

general rule can be framed by which it may always be determined whether the agreement in question is a contract for the sale of goods, and so within the statute, or a contract for work and labor to be performed in a stipulated manner upon materials of which the goods are to be made, and so without the purview of the act.

But if we are wrong in regard to the sixty-four machines then in the process of manufacture, it seems impossible to entertain a doubt in respect to the thirty-six. They were entirely finished and ready for the market, and were examined by the plaintiff and agreed upon as a part of the hundred contracted for. As to them, it was an agreement to buy and sell them as they were. Nothing remained to be done to them to fit them for delivery, and nothing to be done with them except as accessory to the delivery upon the final completion of the contract.

The type-metal guides which Bell & Brooks were to apply to the machines if the plaintiff should furnish them in time, were not regarded as, and were not in fact, any part of the machines contracted for. The machines were complete and ready for use without the guides. The defendants were neither to apply the guides, nor to be responsible for their application, and it made no difference in regard to the price of the machines whether the guides should be applied or not. Indeed, the arrangement regarding them, whatever it was, was not made with the defendants but with Bell & Brooks. The application of the guides seems to have been regarded as a trifling as well as voluntary service, which Bell & Brooks were willing to render for the plaintiff without compensation.

In regard to the boxing and delivery, that had nothing to do with the manufacture or completion of the goods sold. They were completed, and the broad rule relied upon by the plaintiff, that if any thing remains to be done to the article sold to fit it for delivery, the contract is not within the statute, whatever may be said of its accuracy, has no application in this case. And besides, the contract was entire, to sell the machines and to box and deliver them. And it being as to the sale of the machines within the statute and void, it was void

also as to the boxing and delivery. For an entire contract can not be within the statute as to part of it and without the statute as to the residue. It has often been decided that a contract to deliver the goods sold at a distance from the place of sale, does not take the case out of the statute. *Astey* v. *Emery*, 4 M. & S., 262. *Bennett* v. *Hull*, 10 Johns., 364. *Jackson* v. *Covert*, 5 Wend., 139.

Lastly, This contract was entire, no part of it was separable from the rest ; and if it were possible to consider it in relation to the sixty-four machines an agreement for work and labor in their manufacture, in regard to the thirty-six it was beyond all controversy an agreement to buy and sell them as they were. As to them therefore the contract was within the operation of the statute and was void. And then, the contract being entire, and being within the statute and void as to part of it, under the rule already alluded to and to which we suppose there is no exception, it was wholly void. *Irvine* v. *Stone*, 6 Cush., 508. Cowen, J., in *Downs* v. *Ross*, 23 Wend., 270. *Thayer* v. *Rock*, 13 id., 53. *Chater* v. *Beckett*, 7 T. R., 197. *Crawford* v. *Morrell*, 8 Johns., 253.

I think the court ought to have charged the jury as requested by the defendants, and therefore that a new trial ought to be advised.

In this opinion the other judges concurred.

New trial advised.