RODOLPHUS C. CLARK *vs.* WILLIAM NICHOLS.

An oral contract for the delivery of a certain number of feet of plank by A. to B. for the price of more than fifty dollars is a contract for the sale of goods within the statute of frauds, although it is stipulated that A. shall "saw the logs into plank of various dimensions under B.'s direction."

CONTRACT to recover damages for nonperformance of an oral agreement, by the terms of which the defendant was to deliver to the plaintiff 15,000 feet of ash bending-stuff, for the price of $34 per 1000 feet, and 15,000 feet of ash plank, for the price of $25 per 1000 feet, before July 1, 1869. The answer set up the statute of frauds.

At the trial in the superior court, before *Pitman*, J., the plaintiff testified to the contract as above set forth; and also that bending-stuff was the butts of trees sawed so as to render them suitable to be manufactured into wagon shafts, and that "the defendant was to saw all the logs not suitable for bending-stuff into plank of various dimensions, under the direction of the plaintiff." The judge ruled that the action could not be maintained, and directed a verdict for the defendant, which was returned; and the plaintiff alleged exceptions.

*A. M. Copeland*, for the plaintiff, besides cases referred to in the opinion, cited *Edwards* v. *Grand Trunk Railway Co.* 48 Maine, 379; *Hight* v. *Ripley*, 19 Maine, 137; *Finney* v. *Apgar*, 2 Vroom, 266.

*G. M. Stearns*, (*M. P. Knowlton* with him,) for the defendant.

CHAPMAN, C. J. As the contract is stated in the bill of exceptions, we think it was a contract to sell and deliver the bending-stuff and plank, and not a contract for labor in manufacturing the articles. It is not therefore like the cases of *Mixer* v. *Howarth*, 21 Pick. 205, and *Spencer* v. *Cone*, 1 Met. 283; but like *Gardner* v. *Joy*, 9 Met. 177; *Lamb* v. *Crafts*, 12 Met. 353; and *Waterman* v. *Meigs*, 4 Cush. 497; and was within the statute of frauds.                                              *Exceptions overruled.*