GEORGE C. FLINT *against* WILLIAM P. CORBITT.

(Decided April 3d, 1876.)

The plaintiff had in his warehouse sofas and chairs already manufactured, and ready to have put on them a covering according to the taste or choice of the purchaser. The defendant selected a sofa and some chairs, and gave orders to have them covered with a certain material, and the price of the articles selected, covered with the material chosen by him, was agreed on (which amounted to more than $50) : *Held*, that this was a contract for the sale of goods within the statute of frauds (2 R. S. 136, § 3).

Where the contract is for the purchase of an article which the vendor usually has for sale in the course of his business, which he keeps in his warehouse substantially made but not entirely finished, that the taste or wish of the purchaser may be consulted as to the final finish, the finishing of it in the way that the purchaser prefers does not change the contract from one of sale into a contract for work and labor.

APPEAL from a judgment.

CHARLES P. DALY, Chief Justice.—The agreement, upon the plaintiff's own showing, was for a sale of goods, and not a contract for work and labor, and is therefore within the statute of frauds. Where the understanding of the parties at the time of the agreement is that the article is to be produced in whole, or in a material degree, by work and labor, it may be regarded as a contract for work and labor (*Passaic Manuf. Co.* v. *Hoffman*, 3 Daly, 495; *Mead* v. *Case*, 33 Barb. 202), but if the thing contracted for is then in existence, but something remains to be done to finish it, or put it in the condition required by the contract when it is to be delivered, then it is a contract of sale (*Atwater* v. *Hough*, 29 Conn. 508; *Smith* v. *The N. Y. Central R. R. Co.* 4 Abb. Ct. App. Dec. 262); in the first of which cases the contract was for one hundred sewing machines, part of which were not finished, but were to be completed before delivery, and in the other, the wood contracted for was to be cut from trees, which were still standing, measured into cords, and delivered at a railway station. Another test is, whether the work thereafter to be done is done for the vendor or the vendee (*Bates* v. *Coster*, 1 Hun, 403), as in *Mead* v. *Case* (33 Barb. 202), where the defendant ordered a monument, which was standing in the plaintiff's shop, consisting of several parts put together, and directed the plaintiff to polish it and cut upon it the inscription which the defendant required, which was done. Here the work afterwards done—the cutting of the inscription —was for the vendee, because it took from the article entirely its merchantable character, and converted it into a thing fit for the vendee alone. The effect was the same as if he had ordered the monument to be made before it was in existence, from a plan or design, with such an inscription upon it.

The plaintiffs keep a large warehouse in Hudson street, for the sale of furniture, which they manufacture at another place in the upper part of the city, and finish in their establishment in Hudson street. The defendant selected a sofa, two arm chairs, and four other chairs, from patterns shown in the warehouse, which were not covered, or only covered in part, the plaintiffs having a large number of the like articles already manufactured and in the warehouse, ready to be covered accord-

ing to the taste or choice of customers. The defendant's wife chose brocatelle for the covering, which is not usual; samples of which the plaintiffs were to procure and send to her, from which to make her choice. The price of the articles selected, covered with brocatelle, was agreed upon at $216, and all that remained to be done was to cover them with brocatelle and varnish them, and they were to be delivered in a week. The plaintiffs procured the samples, the defendant's wife made her selection, the articles were covered, varnished, and sent to the defendant's house on the following Saturday, who refused to receive them upon grounds which it is not necessary to enter into.

This was a contract of sale. The articles were already in existence, the covering and varnishing being left until they were sold, that the purchaser might have the selection of the kind of fabric he preferred to have them covered with. The brocatelle was to be procured by the plaintiffs. The cost of it was included in the price agreed upon for the suit of furniture, and the work in putting on the covering and varnishing was done for the plaintiffs to complete their contract for the sale and delivery of the articles. When the contract is for the purchase of an article which the vendor usually has for sale in the course of his business, which he keeps in his warehouse substantially made, but not entirely finished, that the taste or wish of the purchaser may be consulted as to the final finish, the finishing of it in the way that the purchaser prefers does not change it from a contract of sale into a contract for work and labor. What is in contemplation of the parties is the purchase and sale of an article which is examined and selected, but upon which something more is to be done, which, as a matter of taste, choice or expense, is left to the purchaser, and being determined by him, is included in the price, and is done thereafter by the vendor, that he may deliver the article sold and receive the price.

A contract for a certain quantity of lumber, at certain prices, which the vendee examines at the vendor's yard, and directs to be dressed and cut from the lots examined by him, is not a contract for work and labor (*Cooke* v. *Millard*, 5 Lansing, 243), and in many other cases to which it would be sufficient to refer

to generally, it has been held that the fact that work and labor is performed to complete the article to be purchased, and put it in a condition to be delivered, does not make it the less a contract of sale, or take it out of the operation of the statute (*Smith* v. *Surman*, 9 B. & Cres. 561, 613; *Dows* v. *Ross*, 23 Wend. 270; *Garbutt* v. *Watson*, 5 B. & Ald. 613; *Cason* v. *Cheely*, 6 Geo. 554; *Bates* v. *Coster*, 1 Hun, 400).

The fact that the defendant's wife selected brocatelle, which is seldom used for covering furniture of this description, and rendered the furniture less salable after the defendant refused to accept it, would not make the putting on of the covering work done for the defendant within the meaning of the rule or test before referred to.

The agreement was a contract for the sale of the furniture. It was within the statute. The judgment was consequently erroneous, and will have to be reversed.

JOSEPH F. DALY and VAN HOESEN, JJ., concurred.

Judgment reversed.