## EFFRAY v. MASSON.

*(Common Pleas of New York City and County, General Term.　April 4, 1892.)*

1. APPEAL—OBJECTIONS WAIVED—INSUFFICIENCY OF ANSWER.

The objection that defendant's answer presented no defense to the action cannot be made on appeal, where plaintiff made no motion below for judgment on the pleadings, treated the answer as sufficient, recognized the necessity of proving her case, gave in her evidence, and without objection allowed defense to be made.

2. CONTRADICTING WITNESS—COLLATERAL INQUIRY—PARTICULAR CREDIT.

On the trial of an action by one sister against another, administratrix of their deceased mother, to recover decedent's board, a third sister, witness for plaintiff, was asked if she had not advised plaintiff "to bring this suit, even if it was necessary to swallow up the whole estate in litigation," to which witness replied in the negative. *Held*, that the evidence sought to be elicited by such question went to the particular credit of the witness in that action, evincing hostility to defendant, and not to her general reputation for veracity, and therefore that defendant was not bound by her answer, and that the court erred in excluding evidence offered by defendant to contradict the witness.

Appeal from city court, general term.

Action by Melanie Effray against Marie E. Masson, administratrix of Marie Ann Thuillier, deceased. From a judgment for plaintiff, defendant appeals. Reversed. For decision of the general term of the city court, see 18 N. Y. Supp. 350.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*M. F. Finnegan*, (*Nathan Lewis*, of counsel,) for appellant.　*Edmond Huerstel*, (*D. Clark Briggs*, of counsel,) for respondent.

PRYOR, J.　*In limine*, the respondent urges a point which, if well taken, disposes of the case adversely to the appellant. The contention is that the answer presents no defense to the action; and that, therefore, the exceptions to evidence relied on for reversal are ineffectual to the purpose. It seems, indeed, that no material allegation of the complaint is controverted; but then, at the trial, respondent made no motion for judgment on the pleadings;

treated the answer as sufficient; recognized the necessity of proving her case; gave in her evidence; and, without objection, allowed appellant to enter on her defense. In this situation we are bound to consider the defense as disclosed by the evidence. *Knapp* v. *Simon*, 96 N. Y. 284. The action is by one sister against another, as administratrix, to recover for board of their mother; and a third sister was the sole witness to the cause of action. The presumption of law is that, in providing shelter and food for her and her mother, the plaintiff was prompted, not by a mercenary motive, but by an impulse of affection and a dictate of filial duty; and that, consequently, the service was rendered as a gratuity. The presumption, however, was overcome, if the witness sister was to be believed, for she swore to a promise by the deceased mother to pay the plaintiff sister '$15 a month. But was her testimony credible? That was for determination by the tribunal below; and we should not disturb its decision but for an error bearing essentially on the question in controversy. Being the solitary witness for the plaintiff, and giving testimony which became, by the decease of the mother, incapable of contradiction, Mrs. Francois challenged the severest scrutiny as to the credibility of her evidence. Accordingly, on cross-examination, she was asked: "Did you have any conversation with your sister [the plaintiff] in regard to bringing this suit?" to which she answered, "No, sir." She was then asked: "Will you swear that you did. not tell this party here that you had instructed the plaintiff to bring this suit even if it was necessary to swallow up the whole estate in litigation?" to which question she replied, "I swear I never had such a conversation." To a witness for the defense counsel propounded the inquiry: "Do you remember having a conversation with Mrs. Francois?" the answer being "Yes." Counsel then asked, "State what the conversation was." On objection by the plaintiff, the question was excluded. Counsel then inquired: "Did you hear the testimony of Mrs. Francois, a few minutes ago, in which she stated that she never had instructed the plaintiff to bring this suit?" The witness answered, "Yes, sir." Counsel then asked: "Is that true?" Plaintiff objecting on the ground that "it is collateral matter, drawn out by defendant's counsel," the evidence was excluded, and defendant excepted.

The rule is familiar that an answer to cross-examination touching collateral matter is conclusive on the party eliciting it. *Carpenter* v. *Ward*, 30 N. Y. 243. But was the evidence drawn from plaintiff's witness by the defendant collateral in the sense that it admitted of no contradiction? •In the decision of the point we must observe the distinction between evidence affecting the general credit of a witness and evidence affecting his particular credit in the action. Evidence impeaching the general credit of a witness consists exclusively of testimony to his character or reputation; and if, upon cross-examination, he be questioned as to a particular fact, however damaging to that character and reputation, but not bearing upon his conduct in the action, or his relation to the cause or the parties, the adversary is concluded by his answer. Otherwise, however, as to evidence touching the particular credit in the cause of a witness. For impeaching that credit he may be questioned, on cross-examination, as to any fact that tends to convict him of partiality between the litigants or interest in the litigation; and, if he deny the fact, it may be proved against his contradiction. Thus, in *Yerwin's Case*, 2 Camp. 638, a witness for the prosecution denied, on cross-examination, that he had been accused of robbing the defendant, and had said that he would be revenged on him, and would even fix him in jail. Evidence to contradict him as to the charge of robbing was excluded, because going to his general credit only; but evidence as to his threat was admitted, because affecting his particular credit in the action. So, in *Starks* v. *People*, 5 Denio, 106, proof was allowed of a declaration by a witness for the prosecution that a particular locality was a good place to kill the defendant, although he had denied the statement on

cross-examination. In *Morgan* v. *Frees,* 15 Barb. 352, a witness for the plaintiff denied on cross-examination that he had attempted to suborn testimony for the defendant; but nevertheless the fact was admitted as evidence impeaching his particular credit. In *Bemis* v. *Kyle,* 5 Abb. Pr. (N. S.) 232, plaintiff's witness swore, on cross-examination, to a promise by plaintiff to remand him, and it was held error to exclude evidence to contradict the testimony. In *Newton* v. *Harris,* 6 N. Y. 345, it was ruled that "facts which bear directly on the credibility of witnesses are material to the issue;" and that "when, on cross-examination, a witness denies statements indicative of hostility to a party, they may be proved by other witnesses." *Prescott* v. *Tousey,* 50 N. Y. Super. Ct. 12; *Teets* v. *Village of Middletown,* 106 N. Y. 651, 12 N. E. Rep. 347; Cow. & H. Notes, (Phil. Ev.) 581, 596. The rejected evidence went to show such an intensity of feeling and interest in the action on the part of the witness that she urged its prosecution although it should swallow up the estate of which she was an heir, and hence was clearly competent in impeachment of her particular credit in the cause. The witness being the sole support of plaintiff's case,—obviously of questionable merit,—the error in the exclusion of the evidence is of such manifest prejudice as to be fatal to the judgment. *Teets* v. *Village of Middletown,* 106 N. Y. 651, 12 N. E. Rep. 347. The reversal of the judgment necessarily involves a reversal of the order. Judgment and order reversed, and new trial, costs to abide event. All concur.