ALFRED SHRIMPTON & SONS, Limited, v. DWORSKY.

(Common Pleas of New York City and County, General Term. December 5, 1892.)

1. PLEADING—VARIANCE—SALE AND DELIVERY OF GOODS.
   Under a complaint alleging the sale and delivery of goods, when the allegation is explicitly denied in the answer, it is error to admit evidence of work and labor done in producing the articles alleged to have been sold.

2. SAME—STATUTE OF FRAUDS—INSTRUCTIONS.
   In such case it is error to instruct the jury that, "if the goods were not in existence at the time of the purchase, but had to be manufactured, then this case does not come within the statute of frauds."

3. SAME—OBJECTIONS TO EVIDENCE—SUFFICIENCY.
   Where, in such case. defendant objects to evidence in support of an action for work and labor, on the grounds that "it is irrelevant, incompetent, and immaterial," and that "the action is brought for goods sold and delivered, and proof of manufacturing is improper," and at the conclusion of plaintiff's case moves for a dismissal on the ground that there is no proof of delivery sufficient to satisfy the requirements of the statute of frauds, the objections are sufficient to present the question of the admissibility of the evidence, though a "variance" between the pleadings and proof is not claimed in terms.

4. SAME—ISSUE NOT RAISED BY PLEADINGS—OBJECTION ON APPEAL.
   Where the answer in an action for goods sold and delivered is a specific denial only. but on the trial plaintiff treats the issue of the statute of frauds as in litigation, and asks the court to give an instruction thereon, he cannot claim on appeal that it was not in the case.

5. SAME—STATUTE OF FRAUDS.
   In an action for the sale and delivery of "fifty gross needlebooks," it appeared that the needles, and the envelopes in which they were to be delivered. were in stock at plaintiff's store at the time of the alleged order therefor, and that nothing remained to be done but print on the envelopes the name and location of defendant's business establishment. *Held*, that the contract of sale was within the statute of frauds.

6. SAME—ACCEPTANCE OF GOODS—EVIDENCE.
   In such case it appeared that defendant receipted for the case of needles as "in good order," and said, "It is all right:" that the needles were not in fact delivered to defendant, but were left on the sidewalk; that he never saw them; that he refused to receive them, and returned them to plaintiff's place of business. *Held*, that the proof of acceptance was insufficient to authorize a submission of the issue to the jury.

Appeal from city court, general term.

Action by Alfred Shrimpton & Sons, Limited, against Abraham J. Dworsky, to recover for goods sold and delivered. From a judgment of the general term of the city court (20 N. Y. Supp. 991) affirming a judgment entered on a verdict for plaintiff, and from an order affirming an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Francis B. Chedsey, for appellant.
George C. Coffin, for respondent.

PRYOR, J.　In form and in substance the action is for goods sold and delivered, and for nothing else.　The allegation of sale and delivery is traversed by an explicit denial in the answer.　This, then, was the issue, and the only issue, presented by the pleadings, namely, whether the plaintiff had sold and delivered to the defendant the goods for recovery of the purchase price of which the action is brought.　Nevertheless, upon the trial, the plaintiff was allowed to give evidence of a different cause of action, that is, for work and labor; and in submitting the case to the jury, the judge expressly charged that "if the goods were not in existence at the time of the purchase, but had to be manufactured, then this case does not come within the statute of frauds." To this instruction the defendant duly excepted; and he excepted, also, to evidence in support of an action for work and labor, on the grounds that "it is irrelevant, incompetent, and immaterial," and that "the action is brought for goods sold and delivered, and proof of manufacturing is improper."　True, the defendant did not in terms claim a "variance" between the pleadings and proof; nor could he have appropriately urged such claim, because here was not a variance, but a failure of proof of the cause of action formally in litigation.　Code, § 541. Furthermore, on the conclusion of plaintiff's case, the defendant moved for a dismissal on the ground "that there is no proof of the delivery of the goods to the defendant sufficient to satisfy the requirements of the statute of frauds."　We are unable to conjecture how the defendant could have more unequivocally presented the point that the evidence was directed to a cause of action not alleged in the complaint, and that there was not the requisite correspondence between the pleadings and the proofs.　No amendment of the complaint was made or moved; and the question is whether, against the protest of the defendant, a plaintiff may claim upon one cause of action and recover on another.　In this state the question is no longer open to controversy. In Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. Rep. 698, the court of appeals held that "where an objection has been properly taken, or an exception presents the point, it is fatal to a recovery that it does not conform in all material respects to the allegations of the pleadings;" saying, (page 652, 108 N. Y., and page 699, 15 N. E. Rep.:)　"It is a fundamental rule that judgment shall be secundum allegata et probata," and that, "if a party can allege one cause of action, and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary."　Here two distinct and independent causes of action were alternatively submitted to the jury, upon either of which they were told, in effect, they might return a verdict for the plaintiff.　But one of these causes of action, being foreign from the case, did not authorize a recovery by the plaintiff; and, as it cannot be ascertained upon which cause of action the jury found for the plaintiff, we are unable to say that the defendant has not been prejudiced by the erroneous rulings on the trial.　We are of the opinion,

therefore, that upon the ground indicated the judgment should be re-versed.

But other considerations, touching the merits of the controversy, conduct to the same conclusion. The defendant resisted a recovery against him upon the ground that the contract in action was for the sale of goods, and was invalid for want of due delivery and acceptance. It is argued, however, that, the invalidity of the contract under the statute of frauds not being pleaded, the defense was unavailable by the defendant. Wells v. Monihan, 129 N. Y. 161, 29 N. E. Rep. 232; Crane v. Powell, (Com. Pl. N. Y.) 19 N. Y. Supp. 220. The answer is that the point was not taken by the plaintiff on the trial, but, on the contrary, the question of the validity of the contract was litigated by the parties, and considered by the court as an essential issue in controversy. At the instance of the plaintiff himself the court charged that if the goods were not in esse, but were to be fabricated, the contract was not within the statute of frauds. After this explicit concession on the trial that the validity of the contract under the statute of frauds was in issue and in controversy, with what consistency or justice can the plaintiff be suffered on appeal to say that the question is beyond the scope of the pleadings? Had the plaintiff raised the objection on the trial, non constat but the court would have allowed an amendment of the answer. Having treated the issue as in litigation when otherwise it might have been introduced, the plaintiff may not now be heard to say that it was not in the action. Effray v. Masson, (Com. Pl. N. Y.) 18 N. Y. Supp. 353. Assuming, then, the defense of the statute of frauds to be before us for consideration, we are of opinion that it was established by the undisputed evidence. The complaint alleges that the plaintiff "sold to the defendant goods, viz. fifty gross needlebooks." If ever a party is to be bound by his pleading, the plaintiff is estopped to say that the contract was not for the sale but for the manufacture of goods, and although, without amendment, he was allowed on the trial to prove that the goods were not in existence, his evidence clearly establishes the contrary proposition. The needles were the thing contracted to be sold; and although they were to be delivered in envelopes, these were in stock, and nothing remained but to print on them, "Empire Stationery and Novelty House, New York." Indisputably here was a contract for the sale of goods, and nothing more. Manufacturing Co. v. Hoffman, 3 Daly, 495, 504; Flint v. Corbitt, 6 Daly, 429; Cooke v. Millard; 65 N. Y. 352; Kellogg v. Witherhead, 6 Thomp. & C. 525; Fitzsimmons v. Woodruff, 1 Thomp. & C. 3; Smith v. Railroad Co., *43 N. Y. 187; Lamb v. Crafts, 12 Metc. (Mass.) 356; Clark v. Nichols, 107 Mass. 547; Gardner v. Joy, 9 Metc. (Mass.) 177; Cason v. Cheely, 6 Ga. 554; Atwater v. Hough, 29 Conn. 508; O'Neil v. Mining Co., 3 Nev. 141; Finney v. Apgar, 31 N. J. Law, 266; Warren, etc., Co. v. Holbrook, 118 N. Y. 587, 23 N. E. Rep. 908, is not contra.

The contract being within the statute of frauds, the question is, would the jury have been justified, on the evidence, in finding an acceptance of the goods by the defendant? The point was duly raised by a motion.

to dismiss as well as by requests to charge. For evidence of due acceptance, the respondent relies upon the fact that the defendant receipted for the case of needles as "in good order," and said, "It is all right." But it is uncontradicted that the needles were not in fact delivered to the defendant, but were left on the sidewalk; that he never saw them; that he refused to receive them, and returned them to the plaintiff's place of business. The proof of acceptance was insufficient to authorize a submission of the issue to the jury. Shindler v. Houston, 1 N. Y. 261, 271, 273; Cooke v. Millard, 65 N. Y. 352, 357, 358; Caulkins v. Hellman, 47 N. Y. 449, 452; Stone v. Browning, 51 N. Y. 211, 214, 215; 68 N. Y. 598, 604; Heermance v. Taylor, 14 Hun, 149, 151; Fitzsimmons v. Woodruff, 1 Thomp. & C. 3; Kellogg v. Witherhead, 6 Thomp. & C. 525. In Jones v. Reynolds, 120 N. Y. 213, 24 N. E. Rep. 279, the buyer took the model into his possession, retained it for a year without returning or offering to return it, and solicited a patent on the basis of it. Of course the court held that there was evidence of acceptance for the jury; but the ruling is obviously inapplicable to the case before us. Judgment reversed, and new trial ordered, costs to abide event. All concur.