## MONELL v. DOUGLASS.

(Common Pleas of New York City and County, General Term. April 3, 1893.)

1. RES JUDICATA—REVERSAL OF JUDGMENT.
    Where, on appeal to the court of common pleas from a judgment of the general term of the city court, it is decided that the facts pleaded do not constitute a cause of action, it is error, in the absence of amendment, to refuse to dismiss the complaint on motion of defendant, made before any evidence is adduced on second trial.

2. CAUSE OF ACTION NOT PLEADED—LITIGATION—EFFECT.
    A judgment on a cause of action not alleged in the complaint is erroneous, though the facts litigated and determined support the recovery, when defendant protests against the litigation of the cause of action not pleaded by objecting to the evidence offered to support it, moving to dismiss because of insufficient evidence, and by requesting the court to charge that the jury are not at liberty to find for plaintiff on any cause of action other than the one pleaded.

Appeal from city court, general term.

Action by Mary Monell against Margaret K. Douglass to recover damages for an alleged breach of covenant against incumbrances contained in a deed. From a judgment of the general term of the city court affirming a judgment entered on the verdict of a jury in favor of plaintiff, defendant appeals. Reversed.

For report of decision on prior appeal, see 17 N. Y. Supp. 178.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Kenneson, Crain & Alling, (Thaddeus D. Kenneson, of counsel,) for appellant.

George W. Wilson, for respondent.

BISCHOFF, J. The complaint averred the execution and delivery of a deed by defendant to plaintiff for the conveyance of real property, and the grantor's covenant against incumbrances other than arrears of taxes and two certain mortgages, with the accrued interest thereon; and that at the time of the conveyance an action

had been begun in the supreme court for the foreclosure of one of the mortgages, in which notice of the pendency of the action was duly filed. It further averred that to secure the discontinuance of the foreclosure action and the cancellation of notice of its pendency plaintiff necessarily expended the sum of $76.25. For the sum so alleged to have been paid by her, plaintiff prayed judgment against defendant. The answer denied each of the material allegations of the complaint, except such as referred to the execution and delivery of the deed, and the covenant against incumbrances therein. On a former appeal from a judgment for plaintiff, this court, holding neither the foreclosure action nor the notice of its pendency to have constituted incumbrances, and deciding that plaintiff's alleged payment was voluntary, (Hayes v. Nourse, 114 N. Y. 595, 22 N. E. Rep. 40,) reversed the judgment, and directed that a new trial be had, (Monell v. Douglass, [Com. Pl. N. Y.] 17 N. Y. Supp. 178.) The second trial again resulted in a judgment for plaintiff, from which an appeal was also taken to this court, and at the November, 1892, general term, the judgment was again reversed. A reargument of this last appeal was directed and had. Searching scrutiny of the record only serves to confirm our first impression that the judgment must be reversed. It is apparent that after this court had on the former appeal determined that the facts pleaded did not constitute a cause of action, it was the duty of the trial court, in the absence of amendment, to dismiss the complaint; and its refusal so to do when thereunto moved by defendant's counsel at the opening of the trial, and before any evidence was adduced for either party, was palpable error. Respondent's counsel insists, however, that if facts constituting a cause of action, though not the one alleged in the complaint, be litigated and determined, the judgment is unassailable if the facts litigated and determined supported the recovery. He alludes to evidence in the record which tends to show that some time before the execution and delivery of the deed defendant, by her duly-authorized agent, orally agreed, in consideration of the payment to her of part of the purchase money before the time contractually appointed, to reimburse plaintiff for all such outlays which she might necessarily incur to free her title to the real property subsequently conveyed to her from all objection. The contention is correct, with the qualification that the defeated party did not protest against the litigation of a cause of action other than the one pleaded. Knapp v. Simon, 96 N. Y. 284; Fallon v. Lawler, 102 N. Y. 228, 6 N. E. Rep. 392; Williams v. Insurance Co., 57 N. Y. 274; Tyng v. Warehouse Co., 58 N. Y. 308. But defendant did protest. The evidence of the alleged oral agreement is to be found in the testimony of plaintiff's witness Hibbard. This testimony was specifically objected to by defendant's counsel. Furthermore, counsel moved the dismissal of the complaint when plaintiff rested, and again when the introduction of evidence was closed on both sides, each time urging as the ground for the motion that the cause of action was not established by the evidence. Then, again, he distinctly requested the trial court to charge that the jury were not at liberty to find for plaintiff upon any cause of action other than the one

alleged in the complaint, which request was refused, and exception taken to the refusal. No amendment of the complaint was applied for on the trial, and, indeed, it would have been error to have granted it against defendant's objection if the amendment, in effect, was intended to substitute another cause of action for the one pleaded. Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. Rep. 698; Baylies' Code Pl. 321 et seq. We are constrained, therefore, to hold that there was a total failure of proof of the cause of action alleged, (Code Civil Proc. § 541; Arnold v. Angell, 62 N. Y. 508; Southwick v. Bank, 84 N. Y. 420; Shrimpton v. Dworsky, [Com. Pl. N. Y.] 21 N. Y. Supp. 461;) and that the trial court erred in its refusal of the several motions for dismissal of the complaint, and again in refusing to charge the jury as requested by defendant's counsel. The judgment is reversed, with costs to appellant to abide the event. All concur.