## DUDLEY v. SATTERLEE.

(City Court of New York, General Term.　May 18, 1894.)

1. TRIAL—DIRECTING VERDICT.

It is error to direct a verdict for plaintiff on the uncorroborated testimony of a witness hostile to defendant.

2. WITNESS—IMPEACHMENT.
    An adverse and hostile witness may be impeached by proving statements in contradiction of his testimony, after the requisite examination in regard thereto, and it is immaterial whether they are statements of facts or expressions of opinion.

Appeal from trial term.

Action by Augustus P. Dudley against Herbert L. Satterlee, as executor, to recover for medical services alleged to have been rendered at the request of defendant's testator. A judgment was entered on a verdict in favor of plaintiff for $310,—the jury having been instructed that they must find $200 for plaintiff, and could find a larger sum, provided that certain additional services were performed at testator's request,—and defendant appeals. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

R. E. Deyo and G. H. Kracht, for appellant.
Shepard & Prentiss, for respondent.

VAN WYCK, J. The doctor (plaintiff) sues the executor of Travers to recover the value of his services as attending physician and operating surgeon to one Mrs. Davis, at the request of the testator, both of whom died before the trial of the cause. The court's direction to the jury to find certainly for $200, and their finding as to the additional sum, rest entirely upon the testimony of the lawyer witness called on plaintiff's behalf; and as his testimony became, by the decease of both Mrs. Davis and Travers, incapable of contradiction, he must be subjected to the severest scrutiny, as regards the credibility of his evidence. And, of necessity, such inquiry can only be made in the light shed from his own testimony, and by which he says that he was a lawyer; that, before and at the time of the conversation which he says he heard between the testator and Mrs. Davis, he was the general counsel of the testator in all matters except those involved in this action, and continued to act as such general counsel until about the time this action was commenced; that he did act as professional adviser to the testator, before his death, in reference to this very claim then made by the doctor against Travers for such attendance on Mrs. Davis, but not until after this conversation between her and the testator had been overheard by him, and, finally, that he now has pending an action against this defendant, as Travers' executor, for a claim of $4,000 for his legal services, rendered as general counsel to such testator, and in which is included an item for his legal services and consultations with testator in reference to the claim herein involved. And he then, over defendant's objection and exception, was allowed to testify that he heard a conversation between the testator and Mrs. Davis, in which she said that Dr. Dudley had said that he would perform the surgical operation on her, with the necessary attending services, for $200, and that she then asked Travers, "Will you pay for it?" and he answered that he would. Assuming that this evidence was properly admitted, in view of the

fact that he positively swore that at the time of this conversation he had not been retained or consulted by the testator in reference to this particular matter, nevertheless the verdict, as to this $200, should not have been directed by the court, on his uncorroborated testimony. If the relation between him and the testator was not that of lawyer and client, it certainly approached it very closely and was extremely intimate and confidential. He was an adverse witness, as regards a transaction with two persons who were both dead, and one of them defendant's testator. He was a hostile witness, who himself had an action pending against this defendant for $4,000 for legal services rendered to the testator as his general counsel, and as his special counsel in this very controversy,—subsequent, however, to the conversation. The defendant, under the circumstances of this case, was entitled to have the jury pass upon the credibility of this hostile and adverse witness; and, as their finding as to the additional sum was dependent upon the truth of his testimony, the entire case should have been submitted to the jury. And, moreover, an error was committed in not allowing defendant to properly impeach the credibility of this witness. While under cross-examination, he testified that he remembered going with the testator to see Dr. Butts, after Dr. Dudley's claim had been presented, but that he did not state to Dr. Butts that Mr. Travers did not owe this bill to Dr. Dudley; and yet, when the defendant called Dr. Butts,—the only witness who could in any way contradict him, as death had silenced the lawyer's client and the doctor's patient,—he too was silenced, on an objection from plaintiff, by an erroneous ruling. Dr. Butts testified that he knew this witness. "He called at my office, with Mr. Travers, after Dr. Dudley had threatened to bring suit." And he was questioned by defendant's counsel, "Was the subject of this suit a matter of conversation between you and this witness?" Plaintiff objected to this question, and he was sustained, to which defendant's counsel excepted, and said, "I propose to show that this witness, in the interview with Dr. Butts, said that Dr. Dudley had no claim against Mr. Travers;" and the same was excluded, to which defendant excepted. The rule as regards the impeachment of the credibility of an adverse and hostile witness is: A party has the right, for the purpose of discrediting the testimony of an adverse and hostile witness, to prove statements made by him contradicting the testimony given by him after the requisite examination of the witness in regard to such statements; and it matters not whether it be a statement of a fact or the expression of an opinion, if it be adverse to the story which he has narrated. See Schell v. Plumb, 55 N. Y. 592; and read the irrefutable reasoning on this subject, of Pryor, J., in Effray v. Masson (Com. Pl. N. Y.) 18 N. Y. Supp. 353. The judgment and order appealed from are reversed, with costs to appellant to abide the event. All concur.