(13 Misc. Rep. 237.)

### PELLETREAU v. UNITED STATES ELECTRIC L. & P. CO.

(Common Pleas of New York City and County, General Term.   June 3, 1895.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.

   Decision of a justice of a district court of New York City on conflicting evidence will not be disturbed on appeal, unless clearly against the weight of the evidence.

2. STATUTE OF FRAUDS—SALE OF GOODS.

   A contract by which plaintiff undertook to design and engrave for defendant a quantity of letter heads, plaintiff also to furnish the paper, is a contract for work and labor, and not of sale, and therefore not within the statute of frauds.

Appeal from Second district court.

Action by Maltby K. Pelletreau, as receiver of the Brett Lithographing Company, against the United States Electric Light & Power Company, for work, labor, and services performed and materials furnished.   The answer set up a general denial and the statute of frauds.   Judgment was rendered in favor of plaintiff, and defendant appeals.   Affirmed.

For decision on former appeal, see 30 N. Y. Supp. 948.

Argued before BISCHOFF and GIEGERICH, JJ.

Charles Snow Kellogg, for appellant.
Howard A. Sperry, for respondent.

GIEGERICH, J.   The plaintiff, at the time of the transactions hereafter referred to, was a lithographer.   After having made two or three sketches or engravings for a letter head containing the name and address of the defendant, and after furnishing it with a proof and an estimate, the latter, through its authorized agent, orally gave an order to the plaintiff to lithograph 15,000 letter heads on United

States linen paper for $57; he to furnish the paper and to do the lithographing on it. There was a direct conflict upon the trial as to the exact terms of the contract. On the one hand, the testimony adduced on plaintiff's part tended to show that plaintiff did not guaranty satisfaction, but merely stated that he would do the work in a satisfactory manner, and that the letter heads were not to be of the exact quality and size of the paper as the sample furnished by the defendant; while, on the other, the testimony for the defendant tended to show that the letter heads were to be the exact quality and size of paper as the sample furnished by the defendant, and that the plaintiff would do the job in a manner satisfactory to the defendant's assistant secretary and treasurer. The conflict of testimony, we assume from the judgment rendered, was resolved in plaintiff's favor; and hence we conclude that it was not the object of the contract to gratify taste, serve personal convenience, or satisfy individual preference. Consequently, the cases cited by appellant's counsel are not in point upon the question of performance of the terms of the contract as they were found to be by the trial justice.

After the delivery of the letter headings to the defendant, the latter rejected the same, and informed the plaintiff thereof by letter, wherein it was stated:

"The 15,000 letter headings which you delivered as per your estimate of March 20th, 1894, we consider as totally unfit for any use excepting for communications between our stations; and for such purpose they would be worth to us about one-half of your price for same, or $29.50 for the entire lot. Let us hear from you at once as to whether this is acceptable, as otherwise the goods are awaiting your order."

The plaintiff did not accept the said offer, and the question whether there was a performance of the contract was litigated upon the trial. There was a direct conflict of testimony upon this point, which, we assume from the judgment, was also determined by the trial justice in favor of the plaintiff; and we see no reason for disturbing his conclusion upon the facts, in the absence of the elements which are requisite to review the same. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731.

Counsel for appellant insists that, though the contract was performed by plaintiff, still it was void, under the statute of frauds. The evidence, as disclosed by the justice's return, clearly shows that the letter headings lithographed by the plaintiff were designed exclusively for use in the defendant's business, and, upon defendant's own showing, were manifestly not adaptable to any other purpose. The contract was therefore one for work and labor, not of sale, and was not within the statute of frauds; and hence was not required to be in writing. Hinds v. Kellogg (Com. Pl. N. Y.) 13 N. Y. Supp. 922, affirmed 133 N. Y. 536, 30 N. E. 1148; Manufacturing Co. v. Hoffman, 3 Daly, 505.

The case of Shrimpton v. Dworsky, 2 Misc. Rep. 123, 21 N. Y. Supp. 461, cited by appellant's counsel, is clearly distinguishable from the one before us. There the complaint alleged that the plaintiff "sold to the defendant goods, viz. fifty gross needle books," and the evidence clearly established the fact that the needles were the

thing contracted to be sold, and, although they were delivered in envelopes, these were in stock, and nothing remained but to print on them, "Empire Stationery and Novelty House, New York"; while in the present case the thing contracted for was the skill and labor of the lithographer to lithograph letter headings which were not in stock, but had to be fabricated by him, and which, when produced, were, as shown by defendant's proofs, wholly unfitted for sale as a general article of merchandise, being adapted only for use by the company which ordered them.

As we are satisfied from a careful consideration of the evidence that the decision of the justice was in all respects correct, the judgment should be affirmed. with costs.