### SMITH v. DAVIS et al.

(Supreme Court, Appellate Term. February 24, 1899.)

APPEAL—REVIEW—CONFLICTING EVIDENCE.

The judgment of the trial court on a question of fact, as to which there was conflicting evidence, will not be disturbed on appeal, where the evidence fails to show that partiality or prejudice has affected the decision, or that injustice has otherwise been done.

Appeal from municipal court, borough of Manhattan, First district.

Action by William M. Smith against Herman Davis and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Smith Tuttle, for appellant.
Maurice M. Greenstein, for respondents.

LEVENTRITT, J. To recover the unpaid balance of the purchase price of goods sold and delivered the plaintiff brought this action. He contended that the defendants had effected purchases of shoes from one William B. Dibble to the amount of $100.40, and, having paid on account thereof only $70, there remained owing a balance of $30.40, which demand was duly assigned to him. The defendants resisted recovery upon the plea that they had fully paid for all the goods which they had purchased, and that the $30.40 claimed represented certain shoes which they had never bought, and which they returned shortly after receipt. Upon the trial, the sole issue litigated was whether the rejected goods were or were not ordered by the defendants, and the trial justice, accepting the version of the disputed transaction as detailed by the defendants, rendered a verdict in their favor.

The evidence fully justifies that conclusion. There is no question of law involved in this appeal. The appellant invokes a review of the determination of the justice upon a matter of fact, as to which there was conflicting evidence, and in the decision of which he seeks the substitution of the judgment of the appellate tribunal for that of the trial justice, without any indication in the evidence that partiality, bias, or prejudice induced or affected the conclusion, or that otherwise

injustice has been done.    It has been repeatedly held that under such circumstances the judgment of the court below will not be disturbed. It is to be regretted that so many hopeless appeals are prosecuted, and appellants consequently subjected to unnecessary expense, oftentimes exceeding the amount in controversy.    The perusal of any one of a long series of authorities which could be cited should discourage the prosecution of appeals purely upon questions of fact, which must necessarily eventuate in affirmance.    Pelletreau v. Power Co., 13 Misc. Rep. 237, 34 N. Y. Supp. 125; Patterson Gas Governor Co. v. Lichtenstein Bros. Co., 9 Misc. Rep. 126, 29 N. Y. Supp. 279; Goodman v. Riccadonna, 13 Misc. Rep. 66, 34 N. Y. Supp. 169; Mitchell, Vance & Co. v. Daiker (Com. Pl.) 19 N. Y. Supp. 378; Lynch v. Kluber, 20 Misc. Rep. 601, 46 N. Y. Supp. 428; Lowenthal v. Copland, 18 Misc. Rep. 6, 41 N. Y. Supp. 8; Foster v. Meeks, 18 Misc. Rep. 463, 41 N. Y. Supp. 950.

The judgment must be affirmed, with costs.    All concur.

---

(26 Misc. Rep. 392.)

### SCHILLER v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Term.    January 24, 1899.)

**1. APPEAL—QUESTIONS CONSIDERED—NECESSITY OF ARGUMENT.**
　　Where a complaint is dismissed on motion, on the grounds that plaintiff had been negligent and that the evidence failed to establish defendant's negligence, and in argument on appeal no effort is made to sustain the judgment on the former ground, only the latter ground will be considered.

**2. DISMISSAL—CONSTRUCTION OF EVIDENCE.**
　　On motion for dismissal at the close of plaintiff's evidence, such evidence must be taken as true, and construed in a light most favorable to plaintiff.

**3. CARRIERS—INJURY TO ALIGHTING PASSENGERS—NEGLIGENCE.**
　　Plaintiff, corroborated by two other witnesses, testified that defendant's street car stopped to permit him to alight, and that, while one foot was on the ground and one on the car step, the car started, without a signal from the conductor.    *Held* sufficient to entitle him to go to the jury, although he testified in cross-examination that he was infirm, and that he "fell off."

Appeal from municipal court, borough of Manhattan, Fifth district.
Action by Barnett Schiller against the Dry Dock, East Broadway & Battery Railroad Company to recover damages for personal injuries. From an order dismissing the complaint, plaintiff appeals.    Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.