[Treadway's Executor v. Smith.]

# Treadway's Executor *v.* Smith.

### Action for Breach of Verbal Contract.

1. *Statute of frauds; contract not to be performed within one year.*—A contract, made in October, for the cultivation of lands during the remainder of that year and the whole of the next, is within the statute of frauds (Rev. Code, § 1862, cl. 1), and is void unless reduced to writing, though partially performed during the year in which it was made.

APPEAL from the Circuit Court of Cleburne.
Tried before the Hon. WM. L. WHITLOCK.

AIKEN & BURTON, for appellant.

MANNING, J.—Appellee, Smith, declared on a contract, alleged to have been made between appellant's testator, Thomas Treadway, and himself, in October, 1873, for the cultivation by him, Smith, during the rest of the year 1873, and the year 1874, of eighty acres of land, the property of Treadway, in wheat, cotton, oats, and corn; and whereby Treadway agreed to furnish the land, beasts of the plough, their feed, the necessary implements, and the seeds to be planted, and Smith agreed to furnish the labor for cultivating the land, and to make and gather the crops, and divide them equally with Treadway. The complaint avers that the performance of the contract was begun, yet said Treadway, and his executors after his death, would not, and did not, perform their duties under the contract; and he sues for the damage he thereby sustained. Testator died in December, 1873. Appellants, among other things, set up by plea the statute to prevent frauds, averring that the contract was not, nor was any memorandum thereof, in writing, while, according to the terms of the agreement, it was not to be performed within one year; and also, that it concerned an interest in land, was not a lease thereof for a term not longer than a year, and was not, nor was any memorandum thereof, in writing. Demurrers to these pleas were sustained, and the pleas thus held to be no answer to the complaint; and these rulings of the court are now assigned as error.

Section 1862 of the Revised Code enacts, that, "In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the

consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him lawfully authorized in writing : 1. Every agreement which, by its terms, is not to be performed within one year," &c. Several cases have come up for consideration under this statute. In *Scoggin v. Blackwell* (36 Ala. 351), this court said : "The contract in the present case was oral ; entered into in the month of December, 1857 ; by which the plaintiff bound himself to serve the defendant, in the capacity of overseer, for and during the year 1858." And the court held, that under the statute, though there had been a partial performance by the overseer, and he was then discharged without cause, he could not recover wages for the residue of the year, or damages for not being permitted to serve the year out. The contract was void. See, also, Browne on Stat. of Frauds, § 289; *Crommelin v. Theiss*, 31 Ala. 412.

The court erred in sustaining the demurrer of plaintiff to the second plea ; and the judgment must be reversed, and the cause remanded.