# Bain v. McDonald.

### Action on Contract of Rent of Land.

1. *Statute of frauds; verbal contract not to be performed within one year.*—A verbal contract for the renting of land for a term of one year, to commence in the future, is an "agreement which, by its terms, is not to be performed within one year from the making thereof," within the meaning of the statute of frauds (Code, § 1732, sub-div. 1), and will not support an action to recover rent, though, by the terms of the contract the rent is payable within a year from the making thereof; the promise to pay and the consideration therefor not being severable.

2. *Action for use and occupation of land, when rental contract is void.*—Where one is let into the possession of land and enjoys it, either per-

[Bain v. McDonald.]

sonally or by an under tenant, during the term stipulated for in a void rental contract, the invalidity of such contract is not an obstacle to a recovery against him for the value of the use and occupation.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

The facts of the case are sufficiently stated in the opinion.

O. D. STREET, for appellant.—1. It is also clear that the contract was void under the statute of frauds.— *White v. Levy*, 93 Ala. 484; *Martin v. Blanchett*, 77 Ala. 288; *Crommelin v. Thiess*, 31 Ala. 412; *Scoggin v. Blackwell*, 36 Ala. 351; Bishop on Contracts, (Enl. ed.), 127.

2. It is argued, however, that as the rent was to be paid on Nov. 15, 1891, the contract was by its terms to be wholly performed on one side within the twelve months and therefore not within the statute of frauds. It must be conceded that some of the cases so hold.—8 Amer. & Eng. Encyc. of Law, 692, n. 2. The Alabama case of *Rake v. Pope*, 7 Ala. 161, cited in this note as supporting this doctrine is, as admitted by the annotator, sustainable upon a different ground and has in *Manning v. Pippen*, 95 Ala. 527, been expressly limited to sales of personal property. The question seems never to have been passed upon by the court. It is difficult, however, to see how such a construction could be reconciled with the exceedingly comprehensive terms of our statute. Besides it would leave such contracts subject to nearly all evils the statute was intended to remedy. This court has several times announced in forcible language its indisposition to further relax the operation of the statute to meet the necessities and equity of particular cases.— *Horton v. Wollner*, 71 Ala. 457; *Allen v Booker*, 2 Stew. 24; *Jenkins v. Harrison*, 66 Ala. 360; Bishop on Contracts, (Enl. ed.), p. 1283. But even if it is a correct proposition of law that a contract which by its terms is to be fully performed on one side within twelve months is not within the statute, the contract we are considering is not one of that character. Defendant's obligation was not only to pay rent, but also to occupy and to care for the premises with reasonable diligence during the whole of the year 1891.—12 Amer. & Eng. Encyc. of Law., 713, 714.

[Bain v. McDonald.]

3. In answer to these several defenses it is again insisted by plaintiff that there is testimony in this record from which the jury would be authorized to find that George Bain retained possession of said premises during the year 1891, as the tenant of defendant, and that, therefore, defendant having actually occupied the premises by tenant during the period for which he rented, the contract became an executed contract, and not within the operation of the statute of frauds. It is, however, submitted that had defendant occupied the premises in person during the whole of the year 1891, the contract being void, plaintiff could not have recovered upon the special agreement, but only, if at all, upon the common count for use and occupation.—*Crommelin v. Thiess*, 31 Ala. 412 ; *Parker v. Hollis*, 50 Ala. 411 ; *Manning v. Pippen*, 95 Ala. 537 ; *Little v. Martin*, 20 Amer. Dec. 688 ; *Anderson v. Critcher*, 37 Amer. Dec. 72 ; Bishop on Contracts, (Enl. ed.), p. 1283.

LUSK & BELL, *contra*.

BRICKELL, C. J.—This was an action in which the appellee, as administrator of James S. Bain, deceased, was plaintiff, and the appellant was defendant. The complaint contains a single count, alleging that the defendant was indebted to the plaintiff in the sum of four hundred dollars, for the rent of lands for the year 1891, due and payable on the 15th November, 1891. The defendant pleaded the general issue and three special pleas. The first special plea is, that the agreement or contract on which the suit was founded was not in writing, and was offensive to the clause of the statute of frauds directed against agreements not to be performed within one year. The second avers that the contract was for the sale of an interest in lands for a term longer than one year, and was not in writing, offensive to the fifth clause or subdivision of the statute. The third, in substance, avers that the premises rented, at the time of the renting, were in possession of one George Bain, a former tenant of the plaintiff, who refused to surrender possession thereof, continuing to hold them during the term, and that plaintiff, though requested, failed and refused to place the defendant in possession. Issue seems to have

[Bain v. McDonald.]

been taken on the pleas. and there was a trial, and verdict and judgment rendered for the plaintiff.

The facts as to which there is no conflict in the evidence, are, that on the 20th day of December, 1890, the plaintiff offered the lands for rent at public outcry, for a term of one year, to commence on the 1st day of January, 1891, and the defendant became the highest bidder at the sum of four hundred dollars, payable on the 15th day of November, 1891; but of, the renting or agreement there was no note or memorandum in writing signed by either party.

The agreement was not for a lease of longer term than one year, and, of consequence, not within the influence or operation of the fifth clause or subdivision of the statute of frauds, upon which the third plea is founded. It was a verbal renting or lease for a term of one year, to commence in the future, within the influence of the first clause or subdivision of the statute, directed against verbal agreements which by their terms are not to be performed within one year from the making thereof.—*Thiess v. Crommelin*, 31 Ala. 412; *Parker v. Hollis*, 50 Ala. 411; *Treadway v. Smith*, 56 Ala. 345; *Martin v. Blanchett*, 77 Ala. 288; *White v. Levy*, 93 Ala. 484; *Smith v. Pritchett*, 98 Ala. 649. It is insisted, as the action is founded wholly on the promise of the defendant to pay the rent, and as that, by the terms of the agreement, was payable within less than a year, the case is not within the influence of the statute.

The consideration of the promise to pay the rent, and its only consideration, was, that the plaintiff, on the commencement of the future term, would let the defendant into the possession and enjoyment of the premises, and during the term would maintain and defend the possession against his own acts, as well as against dispossession or disturbance by title paramount. The promise cannot be dissevered from the consideration; and, to support the present action, the plaintiff, of necessity, must have shown the agreement in its entirety.—*Lapham v. Whipple*, 8 Metc. 59. An entire agreement can not be within the statute of frauds as to a part, and without it as to the residue.—*Atwater v. Hough*, 29 Conn. 508. In Browne on Statute of Frauds, (5th ed.), § 140, the principle is stated: "It is clear that if the several stipulations are so interdependent

[Bain v. McDonald.]

that the parties cannot reasonably be considered to have contracted but with a view to the performance of the whole, or that a distinct engagement as to any one stipulation cannot be fairly and reasonably extracted from the transaction, no recovery can be had upon it, however clear of the statute of frauds it may be, or whatever the form of action employed. The engagement in such cases is said to be entire and indivisible."

There are cases in which a party, having performed a part of an agreement, separable and divisible from the part offensive to the statute, may recover on the part so performed. An agreement may relate to a sale of personal property, and to a sale of an interest in land, and a specific price of value fixed on the personal property, of which there has been delivery. By the agreement the species of property are separated and distinguished, and there may be a recovery of the price or value of the personal property, though as to the land the agreement is void.—*Rainbolt v. East*, 56 Ind. 538; s. c. 26 Am. Rep. 40. Such cases are readily distinguished from cases like the present. The parties sever the contract, and apportion its consideration. But here it was performance of the agreement in its entirety the parties contemplated and without performance by the plaintiff, the promise of the defendant was without consideration. A severance of the agreement would do violence to the intention of the parties, and work injustice to the defendant. It is clear, upon all the authorities. that, as the plaintiff is suing upon the agreement, he cannot maintain the action,—cannot maintain it, for the agreement rests in parol; it was not by its terms capable of performance within a year from its making, and parol evidence of it the statute interdicts.—Brown on Stat. Frauds, § 144. The circuit court erred in the refusal of the general affirmative charge requested by the defendant.

This conclusion renders unnecessary a consideration of the numerous instructions given at the instance of the plaintiff, to which exceptions were reserved. It is apparent, however, a matter of much controversy was whether the defendant was let into or obtained possession of the premises, occupying them by his tenant during the term. If the complaint be amended by the addition of a count for the use and occupation, as may be

reasonably anticipated, to avoid prolonging the litigation, it is not inapproprate to state the facts essential to a recovery under the count. The invalidity of the agreement is not an obstacle to a recovery of reasonable satisfaction for use and occupation of the premises, if the defendant, by himself or tenant, was let into possession and enjoyed it during the term. The agreement may be shown to explain the character of the succeeding possession, and the sum promised to be paid as rent, as a fact having a tendency to prove the value of the use and occupation. The recovery cannot exceed the sum promised to be paid; but if that exceeds the reasonable value of the use and occupation, of the excess there can be no recovery, for that would be to give effect to the void agreement.—*Hays v. Goree*, 4 Stew. & Port. 170; *Nelson v. Webb*, 54 Ala. 436; *Crawford v. Jones*, *Ib*. 459; *Smith v. Pritchett*, 98 Ala. 649.

The action will not lie, unless the defendant was let into possession and occupied the premises, either personally, or by an under tenant. The possession is of the essence of the right of recovery.—2 Taylor Landlord and Tenant, § 641; *Tully v. Dunn*, 42 Ala. 262. At the time the term would have commenced, the premises were in possession of a prior tenant of the plaintiff. If the possession of this tenant was continued during the term, and it is sought to impute his possession to the defendant, it must be shown that he attorned to, or agreed to become the tenant of, the defendant. The fact may be shown by circumstances, or it may arise by implication from the conduct of the parties; it is not necessary that an express attornment or agreement be proved. What facts or circumstances may by shown to raise the implication are not now capable of precise definition. But it is only such as afford a reasonable presumption or inference of the main fact. Mere acquiescence by the defendant in the continued possession by the tenant is not a relevant fact or circumstance. Acquiescence imports submission to that which could be resisted or avoided; and the defendant was without right or remedy to resist or avoid the continued possession of the prior tenant. The right and remedy resided exclusively in the plaintiff, and if he would convert the defendant into a tenant, he must show that he opened the premises to his quiet entry and possession, or that the necessity of

opening them was removed by the attornment of the prior tenant.—*King v. Reynolds*, 67 Ala. 229. The burden of proving the attornment will rest on the plaintiff. If it be not shown, he must fail for want of proof. If it be shown, the possession of the tenant is the equivalent of the personal occupation of the defendant, and followed by the same legal consequences.

The judgment is reversed, and the cause remanded.