# Merritt *v.* Coffin, *et al.*

## Bill to Reform Contract and Enforce Guaranty.

(Decided July 2, 1907.   44 South. 622.)

1. *Equity; Bill; Demurrer; Statute of Fraud.*—The defense of the statute of fraud may be interposed by demurrer to the bill, where it appears from the bill itself that the contract there set up is within the statute.

2. *Frauds; Statute of; Consideration.*—Where a contract was entered into providing for the surrender of a note and mortgage in consideration of certain iron to be delivered to the holders of the note and mortgage, and which original contract was guaranteed as to faithful performance, as to the provisions of the contract according to the terms thereof, by the written personal guaranty of the signers, the guaranty adopts the consideration passing from the holder of the notes and mortgages to the seller of the iron, and constituted a sufficient consideration to sustain the guaranty and take it without the statute of frauds.

3. *Reformaion of Instruments; Mutual Mistake.*—Where, by the terms of the contract it was contemplated that the delivery of the iron should be a credit on the debt owing by the sellers of the iron and evidenced by his note and mortgage, but by a mutual mistake the provision that payment should be so made until said indebtedness was satisfied in full was omitted the buyer of the iron in the contract on the faith of which the note and mortgage was surrendered is entitled to have the contract reformed in this particular, although the defect might have been aided by parol evidence and the omitted provision made available at law.

4. *Same; Parties.*—The trustee in bankruptcy of a corporation which had undertaken to perform a contract for the delivery of iron

[Merritt v. Coffin, et al.]

in payment of a debt due from the corporation, is a proper if not a necessary party to a suit to reform the contract for mistake and to ascertain the damages because of a breach thereof.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Suit by W. H. Merritt against Harry Coffin, as trustee, and others. From a decree dismissing the bill as to defendant Coffin, as trustee, and sustaining demurrers as to the other defendants, complainant appeals. Reversed and remanded.

The contract referred to in the opinion in this case is in the following language:

"State of Alabama, Jefferson County. Between the undersigned, Eclipse Rolling Mill & Manufacturing Company, a private corporation organized under the laws of the state of Alabama, and hereinafter called the 'party of the first part,' and William H. Merritt, Birmingham, Ala., hereinafter called 'party of the second part,' the following contract is hereby, and in virtue of the execution of this instrument, mutually entered into, to-wit: Party of the first part agrees, beginning with January 1, 1905, to furnish to the party of the second part a quantity of bar iron, in such sizes as the mill can roll, at the rate of from four to eight tons per week, until $4,000 worth is delivered. The party of the second part is to pay for this iron a price of $1.35, based per 100 lbs. f. o. b. mill. The party of the second part, in consideration of the above, agrees to cancel and deliver to the party of the first part a certain mortgage executed by the party of the first part in favor of the party of the second part; said mortgage covering real estate and boilers, and engines owned by the party of the first part. The party of the second part further agrees to cancel four notes, for $1,000 each, falling due, one each, on the 1st day of January, 1905, 1906, 1907, and 1908;

the said notes being executed by party of the first part in favor of the party of the second part. The party of the second part further agrees to release party of the first part from the above-stipulated delivery of bar iron for a reasonable length of time, in cases beyond the control of the party of the first part, such as fires, strikes, serious breakdowns, and other causes or providential hindrance. The party of the second part hereby agrees, as a part consideration of this contract, that he will not claim any damages from the party of the first part for the non-fulfillment of this contract for a period of 18 months between delivery of any material that may be delivered by the party of the first part to the party of the second part, provided full delivery is made in 18 months from that date. This instrument has been executed in duplicate; a copy being held by each of the contracting parties. In witness whereof both parties have hereunto set their hands this, the 10th day of September, 1904. (Signed) Eclipse Rolling Mill & Manufacturing Company, per John J. Worth, Sec. & Treas. W. H. Merritt. Witnesses: ————.

"We, the undersigned, hereby personally guarantee the faithful performance of the within contract, as per terms therein set forth. Signed in duplicate. Richard W. Massey. Thomas J. Rowley. E. F. Rowley. Messer Moore Ins. & Real Estate Co., by M. P. Messer, Pres. John J. Worth. Thomas E. Lappage."

The bill states the facts to be that appellant held the notes and mortgage of appellee the Eclipse Rolling Mill & Manufacturing Company, in the sum of $4,000, and that the agreement thereto attached was made with said respondent corporation and the persons who signed the same to guarantee its performance to relieve said respondent corporation of the notes and mortgage, and that it was the intention of the parties at the time of

the making of the agreement that the bar iron therein to be delivered was to be taken in payment and satisfaction by appellant of the notes and mortgages of respondent corporation, but that by mutual mistake of all the parties the following words were omitted, just after the words "$1.35, based per hundred pounds f. o. b. mill": "By crediting the same on the debt to him of said party of the first part of $4,000 until said indebtedness shall be paid," or words to that effect. And it further charges that said Exhibit A fails to express the contract made as aforesaid, in that it omits to clearly state that the said Eclipse Rolling Mill & Manufacturing Company was to pay orator the $4,000 due him, and the evidence of which he surrendered as aforesaid, by delivering to him iron to the amount of $4,000, and that it was understood and agreed between respondent corporation and the guarantors of the contract that orator had hypothecated said note and mortgage as collateral security and that they should not at that time be surrendered, but that on November 10, 1904, orator redeemed said notes and mortgages from said collateral security, and canceled the same, and delivered them to the defendant corporation. It is alleged that no iron has ever been delivered under the contract, and the prayer of the bill is for a correction of the contract and its reformation in compliance with the allegations of the bill; and a reference is asked to ascertain the amount due orator for a breach of said contract, etc., and also to ascertain the amount of profits orator would have made if the iron had been delivered according to the contract. It is alleged that said defendant corporation has become a bankrupt, and that Harry Coffin is the trustee duly appointed of said bankrupt corporation. The defendants Lappage, E. F. Rowley, T. J. Rowley, and John J. Worth answered, admit-

ting the allegations of the bill. The defendants Massey and Messer-Moore Insurance & Real Estate Company demurred to said bill of complaint because the bill seeks to enlarge their liability, and because there is no consideration expressed in said guaranty, and because it was a contract to answer for the default or miscarriage of another, and no sufficient consideration is expressed, and because the contract, after reformation sought, would be in legal effect as the original contract. Respondent Harry Coffin, as trustee, moved to dismiss the bill for want of equity. The court adjudged that as to Coffin, as trustee, the bill of complaint was without equity, and dismissed it, and sustained the demurrers of the other respondents as to a failure of the guaranty to express a proper consideration; and from this decree this appeal is prosecuted.

W. C. WARD, and S. D. & J. B. WEAKLEY, for appellant.—The defect in the bill as to the trustee should have been raised by demurrer and not by motion to dismiss.—5 Mayf. 347. Although there are two writings signed by different parties on one sheet of paper, they are intended to accomplish one and the same end, and are supported by the same consideration, the one referring to the other.—*Forst et al. v. Leonard,* 112 Ala. 296; *Oliver v. Hunting,* L. R. 44 Ch. Div. 208. The contract, if performed, as reformed, will be the contract guaranteed.—*Price v. Lavender,* 38 Ala. 389; *Carter v. Odom,* 121 Ala. 162. There was a valuable consideration for the endorsement and the statute of frauds has no application.—*Carter v. Odom, supra; Reid v. Rowland,* 107 Ala. 366; *Moses v. Bank,* 149 U. S. 298; *DeWolf v. Raband,* 1 Pet. 476; *Phillips v. Harberlee,* 45 Ala. 597; *Marks v. Bank,* 79 Ala. 550; *Dunbar v. Smith,* 66 Ala. 490; *Rutledge v. Townsend,* 36 Ala. 706; *Underwood v.*

[Merritt v. Coffin, et al.]

*Lovelady,* 61 Ala. 155; *Espalla v. Wilson,* 86 Ala. 487; *Tornton v. Guice,* 73 Ala. 321. Parol evidence was admissible to remove the ambiguity in the written contract.—*Hannon v. Espalla.* in MS; *Gunn v. Glendenning,* 68 Ala. 294.

SHARPE & MILLER, FRANK S. WHITE & SON, and H. K. WHITE, for appellee.—Where is appears from the bill that the contract sought to be enforced is obnoxious to the statute of fraud it is subject to demurrer.—*Thompson v. New South Coal Co.,* 135 Ala. 630; *Phillips v. Adams,* 70 Ala. 373; *Bowling v. Moreus,* 65 Ala. 560. The contract is complete within itself and makes no reference to any security or guaranty of performance. And the contract of guaranty fails to meet the requirements of the statute of frauds.—*Lindsey v. McRea,* 116 Ala. 544; *Webb v. Hawkins,* 101 Ala. 632; *Foster v. Napier,* 74 Ala. 393; *Clarke v. Jones,* 85 Ala. 127; *Mallory v. Gillette,* 21 N. Y. 412; *Draper v. Snow,* 20 N. Y. 331; *Riggby v. Norwood,* 34 Ala. 129.

ANDERSON, J.—There can be little or no doubt, as to the soundness of appellee's insistence, that where the contract relied upon, is shown by the bill, to come within the statute of frauds, it is subject to demurrer.—*Thompson v. New South Co.,* 135 Ala. 630, 34 South. 31, 62 L. R. A. 551, 93 Am. St. Rep. 49; *Bolling v. Munchus,* 65 Ala. 58; *Phillipie v. Adams,* 70 Ala. 373.

The most serious question presented by this appeal, is whether or not the contract, or rather what purports to be a guaranty by certain sureties, comes within the statute of frauds.—§ 2152 of the Code of 1896. The original contract (and upon which appears the guaranty) expresses a consideration, (the surrender and cancellation of complainant's notes and mortgages) and

if the consideration so expressed, can be looked to in support of the collateral contract of guaranty, it would be sufficient. If the contract was executed and delivered before the execution of the guaranty and the latter failed to sufficiently refer to and adopt the former as a part thereof, then the collateral contract would come within the statute of frauds, unless it expressed a consideration independent of the one expressed in the original contract. Or if parol testimony had to be resorted to in order to read a consideration into the collateral contract, it would come within the statute of frauds.— *Carter v. Odom,* 121 Ala. 162, 25 South. 774; *Lindsay v. McRae,* 116 Ala. 544, 22 South. 868; *Moses v. Lawrence, Co. Bank,* 149 U. S. 298; *Read v. Roman,* 107 Ala. 566, 18 South. 211.

The guaranty in the case at bar is on the original contract, refers to it, does not appear to have been executed at a later date, and indeed, specifically guarantees a performance "as per terms set forth." It therefore appears from the face of the two contracts, that the guaranty was contemporaneous with the original contract and that the consideration of the original was adopted by the guaranty by reference to the terms and conditions therein referred to and contained. Such being the case, the considerations expressed in the original, will save the collateral from the statute of frauds.—*Forst v. Leonard,* 112 Ala. 297, 20 South. 587; *Simmons v. Steele,* 36 N. H. 73; *Highland v. Dresser,* 35 Minn. 345. The guaranty is uncertain as to by whom performance is guaranteed, but be this as it may, a sufficient consideration is recited to support it, in either event, and the purpose of the bill is to show the real intention of the parties and reform the contract accordingly.

The case of *Lindsay v. McRae,* 116 Ala. 542, 22 South. 868, the one relied on by the chancellor, is un-

[Merritt v. Coffin, et al.]

like the case at bar. There the court held, that the surrender of the mortgage was sufficient consideration to support the defendant's contract, but this fact was not recited therein and could not be shown by parol evidence. The court did not consider whether the obligation and note could be considered together in aid of each other or as one contract. Moreover, the note doubtless failed to recite the surrender of the mortgage and could not, therefore, aid the obligation, if they could have been taken together, but which we need not hold in this case. If in that case a note was given by the mortgagor, which recited a surrender of the mortgage, and the Lindsays, contemporaneous with the execution of the note, guaranteed by endorsement thereon a performance as "per terms set forth" we do not think the court would have held that the Lindsays were not liable.

The case of *Webb v. Hawkins Co.*, 101 Ala. 632, 14 South. 407, has no application to the case at bar. There the promise to answer for the debt or default of another, was not even in writing.

The case of *Bolling v. Munchus Co.*, 65 Ala. 561, decides just what we hold in the case at bar. The failure to express the consideration, or rather a valuable consideration, is as fatal to the validity of the agreement, as would be the failure to reduce it to writing. In the case at bar, we hold that the guaranty is so associated with the original contract and identified therewith, that the consideration expressed in the latter can be looked to, in support of the former.

The bill seeks to reform the contract so as to make it conform to the intention of all parties thereto and to correct a mutual mistake made in the writing.—6 Pom. Eq. 675. Reformation is proper, although the defect might have been aided by parol and so made available

31   R

as a defense at law.—*Green v. Dickson,* 119 Ala. 346, 24 South. 422, 72 Am. St. Rep. 920.

The trustee in bankruptcy, Coffin, was a proper, if not a necessary, party.

The decree of the chancellor is reversed and the cause remanded.

TYSON, C. J., and HARALSON, SIMPSON, DENSON and McCLELLAN, JJ., concur.