[Conoly v. Harrell.]

# Conoly v. Harrell.

## *Bill for an Accounting and Discovery.*

(Decided June 5, 1913.   62 South. 511.)

1. *Frauds; Statute of; Pleading; Demurrer.*—Where the complaint shows on its face that the contract sued on is violative of the statute of frauds, the objection may be properly taken by demurrer.

2. *Same; Contracts; Validity.*—An unsigned contract whereby the owner of a turpentine farm employed complainant to assist in its operation from November 1, 1906, to January 1, 1908, for a fourth of the net profits of the business, and a monthly salary, created the relation of employer and employee, and is void under the statute of frauds because by its terms it was not to be performed within one year from its making.   (Subdivision 1, section 4289, Code 1907.)

3. *Same; Part Performance; Effect.*—An unsigned contract to assist in the operation of a turpentine farm for a period of fourteen months is indivisible, and the payment of the monthly salary called for for twelve months after the service commenced did not take the contract out of the statute of frauds.

4. *Equity; Pleading; Exhibit.*—Where the bill alleged that the parties entered into a contract, in duplicate, a copy of which was attached to the bill, marked exhibit "A" and made a part thereof, and the contract marked exhibit "A" was unsigned, and there was nothing in the bill qualifying the exhibit, the contract relied on was not in writing within the statute of frauds in view of the provisions of rule 16, Chancery Court Practice.

APPEAL from Escambia Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by J. L. Harrell against C. H. Conoley, for an accounting and for discovery.   From a judgment overruling demurrers to the amended bill respondent appeals.   Reversed and remanded.

LEIGH & LEIGH, for appellant.   The complaint should have shown that the discharge was wrongful.—4 Mayf. 128; 26 Cyc. 1003; 4 Pac. 1111.   The bill is not good as a bill for an accounting.—4 Cyc. 438, 43 S. E. 702; 71 Atl. 391; *Haynes v. Short,* 88 Ala. 562; *Gamble v. Altman,* 125 Ala. 372, and cases cited.   The bill was a fish-

ing bill, and for this reason the demurrer should have been sustained.—*Lawson v. Warren*, 89 Ala. 586. The bill was lacking in mutuality as the contract is shown to be unilateral.—*Evans v. C. S. & M. R. R. Co.*, 78 Ala. 341; *Howard v. E. T. V. & G.*, 91 Ala. 258; 106 U. S. 252. It affirmatively appeared from the exhibit to the bill that the contract was unsigned, and that it was not to be performed within the year, and hence, that question could be raised by demurrer.—*Thompson v. New South C. Co.*, 135 Ala. 630; *Vastbinder v. Metcalf*, 3 Ala. 100. The contract as to profits was entire and indivisible.—*Martin v. Massey*, 127 Ala. 504; *Maxwell v. Delhome*, 163 Ala. 420.

F. J. YERGER, and C. T. PRINCE, for appellee. A fiduciary relation is shown, and a discovery is alleged to be necessary.—*Hall v. McKellar*, 155 Ala. 509. The demurrer admits the allegations of the bill, together with the contract set out.—*City of Birmingham v. Coffman*, 173 Ala. 213; *Winter-Loeb & Co. v. Montgomery Co.*, 169 Ala. 633; *Phillips v. B'ham Ind. Co.*, 161 Ala. 509. The existence of the contract and relation of the parties is sufficiently shown.—1 Cyc. 436. A demurrer to the bill as a whole cannot be sustained if there is any equity in the bill on which complainant is entitled to relief.—*Nelson v. Wadsworth*, 171 Ala. 608; *Bressler v. Bloom*, 147 Ala. 504. So far as the contract was carried out and performed, objection for lack of mutuality, and the statute of frauds cannot be urged against it.—*Sheffield Co. v. Hull C. & C. Co.*, 101 Ala. 446; *Evans v. R. R. Co.*, 78 Ala. 341; 9 Cyc. 333.

McCLELLAN, J.—The amended bill seeks an accounting and discovery between the parties. The appellee and appellant were the complainant and respond-

ent, respectively in the court below. The demurrer to the amended bill was overruled. This action is the basis of the present appeal.

The respondent was the owner of a turpentine farm in Escambia county, Ala. It appears from the bill that respondent engaged complainant to assist him in the operation of the turpentine farm. The engagement contemplated service by complainant from November 1, 1906, to January 1, 1908. Complainant was to receive one-fourth of the net profits of the business operated for turpentine purposes strictly, and $60 per month, which monthly salary, in the aggregate, should be deducted from complainant's "division of the profits of the turpentine business" of respondent "for the year 1907." Aside from other provisions, in which stipulations were made for complainant's compensation by monthly salary and that the remainder (three-fourths) of the net profits should go to respondent, it was also provided that respondent should be the manager of the business and have the "exclusive right to sign notes, checks, and drafts and create any and all indebtedness," and that he (respondent) should keep or have kept "a set of account books, which books shall be closed on January 1, 1908," the date on which the engagement for complainant's services should terminate.

It is alleged in the amended bill that the agreement was reduced to writing and in duplicate; each party taking a copy. As exhibited with the bill, it does not appear to have been signed. It is averred in the bill that complainant entered upon and rendered service in accordance with the provisions of the (unexecuted) paper from November 1, 1906, to November 1, 1907, two months before the execution of the agreemnt as shown by the paper, when "respondent ceased making and refused to make any further payment or payments to your

orator under said contract, and refused and declined to allow your orator to continue at work under said contract." One ground of the demurrer takes the objection that the agrement was void under the statute of frauds (Code, § 4289, subd. 1), for that the agreement was, by its terms, not to be performed within a year from the making thereof, and it was not subscribed as the statute of frauds requires.

Where the pleading shows on its face that the contract or agreement relied on is obnoxious to the statute of frauds, the objection may be taken by demurrer.—*Merritt v. Coffin,* 152 Ala. 474, 44 South. 622.

In paragraph 1 of the amended bill it is averred: "That on, to-wit, November 1, 1906, respondent and your orator entered into a certain contract, in duplicate, of which a copy is hereto attached and marked Exhibit A and made a part hereof." The paper (unsigned) to which we have referred before is the exhibit mentioned in the quotation from the bill. The effect of the exhibition of this paper with the bill, as quoted, was to make the paper as much a part of the bill as if set out in the body of the bill; there being nothing in the bill contradictory of or qualifying the exhibit.—*Minter & Gayle v. Bank of Mobile,* 23 Ala. 762, 58 Am. Dec. 315; Rule 16, Chancery Prac. (Code, p. 1533). The thus exhibited paper has two blank lines at its foot at the place where signatures to engagements are usually affixed. The paper is not subscribed in any wise by any one. This obvious omission appears from the face of the paper thus assimilated into the bill. As indicated, the contract it would evidence was to extend over a period of 14 months.

According to undoubted authority in this court, the agreement between parties shown by the bill and its exhibit was not one constituting them partners inter sese.

[Manfredo, et al. v. Manfredo.]

Its utmost legal effect was to create a relation of employer and employee, as the learned chancellor concluded.—*Stafford v. Sibley*, 106 Ala. 189, 17 South. 324. The agreement shown did not provide for the sharing, in any degree, by complainant of the losses the enterprise might suffer. The contract was void under the statute of frauds.—*Scoggin v. Blackwell*, 36 Ala. 351; *Treadway v. Smith*, 56 Ala. 345.

It appears from the bill that the monthly salary of complainant was paid to him up to November 1, 1907, for twelve months after the service began November 1, 1906. The contract alleged was an entirety. It was indivisible.—*Martin v. Massie*, 127 Ala. 504, 29 South. 31. The partial (not complete) performance of the contract did not take it out of the statute of frauds.—*Scoggin v. Blackwell, supra; Treadway v. Smith, supra.* The ground of the demurrer asserting that the agreement relied on was obnoxious to the statute of frauds should have been sustained.

The judgment is reversed, and the cause is remanded. Reversed and remanded.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.