# *Ex Parte* Banks.

## *Assumpsit.*

(Decided December 18, 1913.   64 South. 74.)

1. *Frauds; Statute of; Contract.*—An agreement or contract violative of the statute of frauds is void and not merely voidable.

2. *Same; Defense; Plea.*—The defense of the statute of frauds is unavailing unless specially pleaded.

3. *Same.*—Where a complaint in an action on a contract shows that the contract is violative of the statute of frauds, advantage of the defect may be taken by demurrer.

4. *Same; Who May Take Advantage of.*—A stranger to a lease who is neither party nor privy to the contract is not in a position to claim that the contract was violative of the statute of frauds and invalid.

(McClellan, J., dissents in part.)

CERTIORARI to Court of Appeals.

The Phillips-Neely Mercantile Company sued T. C. Banks in assumpsit, and there was judgment for defendant Banks, whereupon an appeal was taken to the Court of Appeals, and the judgment of the city court was reversed and the cause remanded. (See 8 Ala. App. 549, 63 South. 31.)   Appellee Banks brings certiorari

to review the judgment and decision of the Court of Appeals. Writ denied.

GOODHUE & BRINDLEY, for petitioner. In the case of *Prestwood v. Carlton,* 162 Ala. 242, the court suggests the true explanation of the apparent conflict in the authorities as to whether a contract violative of the statute of frauds is void or merely voidable. The cases cited by the Court of Appeals do not support the view that the contract is void and not voidable. The true rule is laid down in 20 Cyc. 270 and cases cited.—*Flinn v. Barbour,* 64 Ala. 193.

J. R. FORMAN, for appellee. Petition should be denied on the authority of *Phillips-N. Merc. Co. v. Banks,* 8 Ala. App. 549, and cases there cited.

DE GRAFFENRIED, J.—In the case of *Flinn v. Barber,* 64 Ala. 193, this court held that contracts violative of the provisions of our present statute of frauds are void. On that subject this court in that case, speaking through BRICKELL, C. J., said: "Such agreements are not void as immoral or evil in themselves, but they are void because offensive to the policy the statute establishes. Being void, they are nullities; and, so long as merely executory, it is difficult to conceive of any purpose for which they can be used. The contract, when the statute is violated, cannot be enforced. It is void, and that which is void, by express statutory declaration, must be a nullity—must be without legal effect, incapable of conferring right, or imposing duty."

The above-quoted excerpt is, in spite of some loose expressions to be found in some of the later decisions of this court in which such contracts are referred to as being merely voidable, a correct exposition of the law

of this state, on the subject under discussion, as it exists to-day.—*Prestwood v. Carlton,* 162 Ala. 342, 50 South. 254.

(2) While the above is true, this court has uniformly held that only parties, or their privies, to contracts void because violative of the statute of frauds, can show their invalidity.—*Prestwood v. Carlton, supra; Bain v. Wells,* 107 Ala. 562, 19 South. 774.

(3) This court has also uniformly declared that, unless the invalidity of the contract by reason of its violation of the statute of frauds is specially pleaded, such defense will be held to be waived. In other words, this court has uniformly held that even a party to a contract void because violative of a provision of the statute of frauds must, to avail himself of the invalidity of the contract, specially plead its invalidity because violative of the statute.—*Prestwood v. Carlton, supra.*

(4) When a suit is instituted against a party to a contract void because violative of some provision of the statute of frauds, and the complaint in the cause shows that the contract is void because violative of the statute of frauds, such party to such contract may, by demurrer, make the above special defense.—*Prestwood v. Carlton, supra; Strouse v. Elting,* 110 Ala. 132, 20 South. 123.

(5) It was pointed out by this court, speaking through BRICKELL, C. J., in the case of *Bain v. McDonald,* 111 Ala. 269, 20 South. 77, that an unexecuted contract, void because violative of the statute of frauds, conferred no rights upon any party. In that case, however, the special defense of the statute of frauds was properly pleaded by a party to the contract who, under the above rules, had a right to interpose the particular defense. If, in that case this court had held that the contract was merely voidable and not void by reason of its

violation of the statute of frauds, then, in that case, under the facts, this court would have held that the defendant was liable under his contract of rental and not that he was only liable for use and occupation.

An analysis of the opinion in *Bain v. McDonald, supra,* will disclose the fact that, while the operation of the statute of frauds, in declaring certain contracts to be void, is restricted to cases in which the parties to such contracts or their privies, by a special pleading, properly invoke the benefits of the statute, nevertheless, when so properly invoked, such contracts, being absolutely void, can be held to confer no rights upon any person. In other words, our present statute of frauds, under the decisions of this court—and the line of decisions upon that subject is unbroken—furnishes to the parties, and their privies, and to no other person, the right, by special plea, to show that an unexecuted contract is void and of no effect whatever because violative of some particular provision of the statute. Under the decisions of this court the statute of frauds furnishes to the parties, or their privies, to an unexecuted contract which is violative of some provision of the statute of frauds, a personal defense which they may or may not make at their election.—*Prestwood v. Carlton, supra.* When the defense is properly invoked by a proper party, then the courts hold the contract to be absolutely void. When not properly invoked by the proper party, the invalidity of the contract is available to no one.—*Prestwood v. Carlton, supra.*

(6) At common law an usurious contract was void, but the invalidity of such a contract could only be shown by the borrower of the money or his personal representative. The defense of usury was a personal defense, but when properly pleaded by the proper party the contract was declared to be void.—39 Cyc. p. 999, subd. H.

The decisions of this court, with reference to defenses growing out of the statute of frauds, are similar, in some respects to the rules which were inherited by us from the common-law judges with reference to the defense of usury.

As contracts which are rendered void by the statute of frauds are not void as immoral or evil in themselves, but merely because offensive to the policy which the statute establishes (*Flinn v. Barbour, supra*), it has always been the rule of this court to allow no one to avail himself of the invalidity of such a contract unless its invalidity was, in the manner above pointed out, pleaded by a party or a privy to such contract.—*Prestwood v. Carlton, supra.*

(7) "A void agreement is one that is entirely destitute of legal effect. A voidable contract is one that is capable of being affirmed or rejected at the option of one of the parties, but which is binding on the other."—Clark on Contracts, p. 17.

"In case of voidable agreements there is a contract, though it is marked by a flaw. Where, however, an agreement is void, it falls to the ground as soon as its nullity becomes apparent. It is incapable of affirmance. Another distinction is in the fact that in case of voidable contracts innocent third persons, acting in good faith, may acquire rights thereunder, and thereby cut off the right to avoid it; but no such rights can be acquired where the transaction is void."—Clark on Contracts, p. 18.

When therefore, in this state, the invalidity of a contract void because violative of a provision of our statute of frauds is, by a proper pleading, filed by a proper party, invoked in a cause, then the contract, being void, cannot be held to have conferred any rights upon any person.—*Flinn v. Barber, supra; Bain v. McDonald, supra; Prestwood v. Carlton, supra.*

While judges and text-book writers have frequently used the words "voidable" and "void" indiscriminately, when referring to contracts, no court has ever held that legislators or Constitution makers so use these words. When such bodies declare a contract to be void or voidable, no court would hold that they said one thing and meant the other. Courts frequently declare, however, who shall have the right to invoke the invalidity of a void contract and how such a party may do so, and in this state the rule, as already said, as to who can invoke the invalidity of a contract void because violative of our statute of frauds, and how it shall be done, is well settled and is as we have above stated it to be.

(8) Under the above rules, the conclusions of the Court of Appeals in this case were correct. In the instant case a stranger to a lease undertook to show that the lease was void because it was violative of one of the provisions of our statute of frauds. He was neither a party nor a privy to the contract of lease. He was therefore in no position to show the invalidity of the lease nor, in any way, to avail himself of its invalidity. In this case therefore the writ of certiorari is denied.

Certiorari denied.

DOWDELL, C. J., and MAYFIELD and SOMERVILLE, JJ., concur in the opinion and in the conclusion; ANDERSON and SAYRE, JJ., concur in the opinion and in the conclusion as applied to the facts of the particular case; and McCLELLAN, J., concurs in the conclusion but dissents from the opinion.