(80 South. 135)

MORRISON v. SANDERS. (7 Div. 500.)

(Court of Appeals of Alabama. Nov. 12, 1918.)

1. ATTACHMENT ⊚⇒270—DISCHARGE BY JUDGMENT FOR DEFENDANT.

Where parties agreed that all issues, including that presented by motion to discharge attachment, might be disposed of and evidence was offered on the several issues, judgment for defendant ipso facto operated to discharge attachment.

2. FRAUDS, STATUTE OF ⊚⇒44(4) — ORAL LEASE FOR FIVE YEARS.

Verbal contract for rent of lands for a term of five years was void under statute of frauds (Code 1907, § 4289, subd. 1).

3. LANDLORD AND TENANT ⊚⇒34(5)—RESCISSION OF CONTRACT—EVIDENCE.

If plaintiff landlord entered into an agreement with another for rental of land ignoring defendant tenant and defendant subsequently ratified agreement, contract between plaintiff and defendant was rescinded.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by G. F. Morrison against R. F. Sanders, in which one Ferguson made a motion to discharge levy of attachment. Judgment for defendant, and plaintiff appeals. Affirmed.

Conner & Savage, of Center, for appellant. T. Ben Kerr, of Piedmont, for appellee.

BROWN, P. J. [1] On the trial of this case by the court without the intervention of a jury, the parties agreed that all issues arising on the trial, including those presented by Ferguson's motion to discharge the levy of the attachment, might be heard and disposed of without formal pleading, and under this agreement evidence was offered by the parties on several conflicting issues; the trial resulting in a judgment in favor of the defendant, which ipso facto operated to discharge the levy of the attachment.

The action is by the appellant, suing as landlord, against Sanders, as tenant, and the complaint, consisting of a single count, declares on a contract for rent and advances.

[2] The undisputed evidence shows that the alleged rental contract was entered into between the plaintiff and defendant in the fall of 1913, or in the early part of 1914, covering certain farm lands owned by the plaintiff, and was for a term of five years. The evidence is further without dispute that this was a mere verbal agreement, without note or memorandum thereof in writing expressing the consideration, and was therefore void under the statute of frauds, and will not support an action to recover rent or

advances. Bain v. McDonald, 111 Ala. 269, 20 South. 77; Code 1907, § 4289, subd. 1.

[3] Another issue in the case was whether or not there had been a rescission of the contract between the plaintiff and the defendant. Evidence was offered tending to show that the plaintiff and Ferguson entered into an agreement by which Ferguson was to attorn directly to the plaintiff for the rents of 1916, and that this agreement was ratified by the defendant. As to this issue the evidence was in conflict. If in fact the landlord entered into an agreement with Ferguson for the rental of the land for the year 1916, ignoring Sanders as his tenant, and this agreement was afterwards ratified by Sanders, we are of opinion that this operates as a rescission of the original contract between plaintiff and defendant, creating the relation of landlord and tenant between the defendant and Ferguson. As to this issue, of course, the evidence was in conflict; but the trial court was in a better position to judge the credibility of the witnesses than we are, and we do not feel warranted in disturbing the judgment on the theory that this finding was not supported by the evidence.

Plaintiff not being entitled to recover if these issues were found against him, as they undoubtedly were, there was no error in the order of the court discharging the levy of the writ of attachment.

Affirmed.