(94 South. 114)

## BUNCH v. GARNER. (7 Div. 326.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. **Frauds, statute of ⟞⟝150(3)—Count is subject to demurrer, where showing alleged breached contract obnoxious to statute.**

A count, clearly showing alleged breached contract is obnoxious to the statute, is subject to demurrer either at law or in equity.

2. **Frauds, statute of ⟞⟝125(1)—No damage recoverable for breach of contract void under statute.**

No damage is recoverable for breach of a contract void under the statute.

3. **Frauds, statute of ⟞⟝148(1)—Allegation of written contract held to affirmatively show it was not signed.**

The allegation of a written contract ready for signature, showing blank spaces at the end but with no signatures therein, affirmatively shows it was not signed as required by Code 1907, § 4289.

4. **Frauds, statute of ⟞⟝115(1)—Statement of essential element of contract over signature compliance with statute that contract shall be in writing.**

Under Code 1907, § 4289, declaring certain contracts void unless subscribed by the party to be charged or his agent, all that is demanded is a written statement of essential elements over the signature of the party to be charged, so that the contract will not be left to oral evidence.

5. **Frauds, statute of ⟞⟝130(1)—Agreement to form corporation which one of the parties was to manage for five years held not divisible as to the formation, so as to take it out of statute as to agreements not to be performed within one year.**

An agreement not divisible cannot be within the statute of frauds in part and without it as to the residue; and an agreement whereby two parties were to form a corporation with a third, and one of them was to serve and manage it for five years at a guaranteed compensation, is not divisible as to the formation of the corporation, so as to take it out of Code 1907, § 4289, subd. 1, requiring agreements to be performed within one year to be in writing.

6. **Frauds, statute of ⟞⟝146—Demurrers to count and amendment for breach of contract showing written contract continuing for five years subscribed by no one properly sustained.**

Where it appeared from a count for breach of a written contract and an amendment to such count that the contract was subscribed by no one, and by its terms was to continue for five years, demurrers thereto were properly sustained under Code 1907, § 4289, as to agreements not to be performed within a year.

7. **Frauds, statute of ⟞⟝115(5)—Statute requiring alleged contract in writing not signed by parties at the end thereof held not to comply with statute.**

Under Code 1907, § 4289, requiring certain contracts to be in writing and subscribed, the writing must be over signatures of the parties sought to be charged, and though an alleged contract contains in the body thereof the names of the parties to be charged, and commences with the words "the undersigned," etc., but is not signed at the end, it is not signed, as required by statute.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Action by Arthur J. Bunch against J. G. Garner, as executor of the estate of R. E. Garner, deceased, for breach of a contract. After adverse ruling on the pleading, plaintiff takes a nonsuit and appeals. Affirmed.

J. J. Willett, of Anniston, for appellant.

The agreement declared on in the first six counts of the complaint did not contravene the statute of frauds, and was binding. 86 Ala. 180, 5 South. 578; 10 Cyc. 269; 156 Ala. 557, 46 South. 977, 16 Ann. Cas. 529; 144 Ala. 666, 39 South. 562. If any part of the agreement is valid, it will avail pro tanto, though another part of it may be prohibited by the statute of frauds. 20 Cyc. 285; 31 Ala. 711. The memorandum set out and declared on in counts 7 and 8 was sufficient. 58 Md. 546, 42 Am. Rep. 343; 14 Allen (Mass.) 407; 55 N. Y. 495, 14 Am. Rep. 296; 9 Vesey, 351; 66 Ala. 357; 20 Cyc. 274; 10 Ohio, 399; 106 Ala. 159, 19 South. 59, 32 L. R. A. 127. It is not necessary that the memorandum should be signed underneath or at the end, but it is a compliance with the statute if the name of the party to be charged appears in any part of the instrument. 6 N. Y. 12, 55 Am. Dec. 376; 21 Vt. 254; 10 Ohio, 399; 117 Cal. 447, 49 Pac. 462.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

The contract is indivisible and entire, and cannot be resolved into independent component parts. 111 Ala. 269, 20 South. 77; 2 Reed on Stat. Frauds, 436; 6 Cush. 508; 47 Barb. (N. Y.) 172. The writing must be over the signature of the party sought to be charged. 106 Ala. 259, 17 South. 627; 147 Minn. 205, 179 N. W. 904; 27 C. J. 288; 101 Ark. 68, 141 S. W. 496, 37 L. R. A. (N. S.) 352; Browne, Stat. Frauds, § 357; 47 Kan. 383, 28 Pac. 164; 160 Fed. 832, 87 C. C. A. 636; 14 Allen (Mass.) 487.

MILLER, J. Arthur J. Bunch, plaintiff below, appellant here, filed this suit against J. D. Garner as executor of the estate of R. E. Garner, deceased, for damages for breach of a contract made and entered into by and between him and R. E. Garner, the testator.

The court sustained demurrers of defendant to counts 1 to 5, both inclusive, as originally filed and as amended; and demurrers to counts numbered 7 and 8, added by amend-

---

ment, were also sustained by the court. The plaintiff took a nonsuit on account of these adverse rulings to him by the court on the pleadings. The court granted the nonsuit, dismissed the case, and taxed the plaintiff with the court cost. This appeal is prosecuted from that judgment. The rulings of the court on the demurrers to the different counts of the complaint are the errors assigned.

[1-3] Where it clearly appears on the face of the count of the complaint that the contract or agreement alleged to have been breached is obnoxious to the statute of frauds, it is subject to demurrer; and can be raised by demurrer either at law or in equity. If the contract as presented by the counts is void on account of the statute of frauds, then there can be no damages recovered for its breach, and its invalidity appearing in the count can be pointed out, and the defense to it interposed by demurrer. Strouse v. Elting, 110 Ala. 132, 20 South. 123; Thompson v. New South Coal Co., 135 Ala. 630, 34 South. 31, 62 L. R. A. 551, 93 Am. St. Rep. 49; Merritt v. Coffin, 152 Ala. 474, 44 South. 622; Conoly v. Harrell, 182 Ala. 243, 62 South. 511.

"Every agreement which, by its terms, is not to be performed within one year from the making thereof * * * is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing." Section 4289, Code 1907.

Counts 1, 2, 3, and 4, as originally framed and filed and as amended, set out the agreement in full. As amended each states the agreement was in writing, ready to be signed, and R. E. Garner promised to sign it, but died before it could be signed. These counts, before they were amended, do not state directly that the contract is in writing, but it is set out in its very words and concludes in this way:

"In witness whereof the parties hereto have hereunto set their hands and seals on this ——— day of ———, 19—.
"Witness:                 ———. [L. S.]
"———.                 ———. [L. S.]"

From this averment and the contents of the contract as it appears in full in each count, it is evident that it was in writing and was never signed by either party. The contract is exhibited, places for the signatures to it are shown in each count, and no signatures appear therein. The places for the signatures are blank. This will be construed under demurrer as affirmatively showing that no party signed the contract. Conoly v. Harrell, 182 Ala. 243, 62 South. 511.

[4] This contract does not comply with the statute of frauds as it appears in counts 1, 2, 3, and 4, as originally filed and as amended, because the contract was not subscribed by R. E. Garner or some other person by him thereunto lawfully authorized in writing. Section 4289, Code 1907. This written agreement was not subscribed by R. E. Garner or his duly authorized agent in writing. It was subscribed by no one. This court, in White v. Breen, 106 Ala. 172, 19 South. 62, 32 L. R. A. 127, said:

"In short, all that the law demands is a written statement of the essential elements of the contract over the signature of the party sought to be charged, or his duly authorized agent, so that the establishment of the contract be not left to oral evidence."

[5] Was the agreement, alleged to have been breached by these counts, by its terms not to be performed within one year from the making thereof? It is alleged that it was made on or about January 1, 1919. The plaintiff and defendant's testator agreed to organize with a third person, to be selected by deceased, a corporation with authorized capital of $100,000, and paid-in capital of $30,000, to engage in general mercantile business in the city of Anniston, and to establish from time to time afterwards stores in other cities and towns. R. E. Garner was to cause to be subscribed $29,900 of the paid-in capital stock, and plaintiff $100 thereof. The corporation was to rent for five years, from R. E. Garner, a store building in Anniston for the establishing of its first store, and it was to pay him monthly $150 rent for five years for the building. The plaintiff, Arthur J. Bunch, was to be the general manager of the corporation, and was to give his entire time and attention to its business, and was to receive as his compensation for his said services an amount equal to one-half of the net profits. He shall be guaranteed compensation of $3,000 per year, payable monthly, regardless of the earnings of the corporation.

"The contract of employment between the corporation and said Bunch shall run for a period of five years from the beginning of business of said corporation."

The plaintiff seeks by these counts to separate the agreement to form the corporation from the agreement to serve and manage the corporation. It appears from the contract that his agreement to serve the corporation was the consideration of plaintiff's intestate agreeing to form the corporation. The plaintiff's real interest, outside of his $100 stock in the corporation, was his employment to serve it for five years at a guaranteed annual salary of $3,000, payable in monthly installments, and his one-half interest in the net profits during that time.

In Bain v. McDonald, 111 Ala. 272, 20 South. 77, Chief Justice Brickell, wrote:

"The promise cannot be dissevered from the consideration; and, to support the present action, the plaintiff, of necessity, must have shown the agreement in its entirety. Lapham

v. Whipple, 8 Metc. 59. An entire agreement cannot be within the statute of frauds as to a part, and without it as to the residue. Atwater v. Hough, 29 Conn. 508. In Browne on Statute of Frauds (5th Ed.) § 140, the principle is stated: 'It is clear that if the several stipulations are so interdependent that the parties cannot reasonably be considered to have contracted but with a view to the performance of the whole, or that a distinct engagement as to any one stipulation cannot be fairly and reasonably extracted from the transaction, no recovery can be had upon it, however clear of the statute of frauds it may be, or whatever the form of action employed. The engagement in such cases is said to be entire and indivisible.' "

It appears the parties contracted with a view of forming a corporation and for plaintiff to serve and manage the corporation, and the deceased to finance it. The agreement to form and to serve the corporation and to finance it was made in its entirety by the parties, and a severance of the agreement would do violence to the very intention of the parties. The agreement on its very face is entire and indivisible. The various parts of the contract are inseparably interwoven; and cannot be separated into independent parts without doing violence to the real intention of the parties. It is evident there would have been no such agreement between the parties to organize this corporation, to run a mercantile business for five years, without the agreement of plaintiff to serve and manage it for five years, and without the agreement of R. E. Garner to furnish the money to maintain it for five years.

This contract as it appears in counts 1, 2, 3, and 4, as originally filed and as amended, is obnoxious to the statute of frauds; and the demurrers to the counts were properly sustained. Subdivision 1 of section 4289, Code of 1907. The contract or agreement was not subscribed by R. E. Garner, the party to be charged therewith or some other person by him thereunto lawfully authorized in writing; and by its terms it was not to be performed within one year from the making thereof. Bain v. McDonald, 111 Ala. 272, 20 South. 77; Conoly v. Harrell, 182 Ala. 243, 62 South. 511; White v. Breen, 106 Ala. 172, 19 South. 59, 32 L. R. A. 127.

[6] Count 5 does not set out the contract, but avers its substance the same as it appears in counts 1, 2, 3, and 4, and avers it was not signed by R. E. Garner, and shows by its terms it was not to be performed within one year from its date. This count as amended also makes the contract clearly obnoxious to the statute of frauds by positive, direct statements that it was in writing, was not signed by either party, and it was to run for five years, that "R. E. Garner was to employ plaintiff at a salary of $3,000 a year for a period of five years, payable monthly," to manage three or four stores, together with a half interest therein. Demurrers were

208 ALA.—18

properly sustained by the court to count No. 5, and to count No. 5, as amended, as it appears in them that the contract was subscribed by no one, and by its terms it was to continue for five years from the time it was made: Section 4289, Code 1907; Bain v. McDonald, 111 Ala. 272, 20 South. 77; White v. Breen, 106 Ala. 172, 19 South. 59, 32 L. R. A. 127.

[7] Counts 7 and 8 added by amendment seek damages for a breach of the following contract:

"The undersigned R. E. Garner and A. J. Bunch have agreed to go into copartnership and open a chain of mercantile establishments. We have agreed to open first three stores, the locations to be agreed upon later. R. E. Garner agrees to put into the treasury of the company thirty thousand dollars and that we open first, three stores, and later we may open ten if we decide to do so.

"Now it is distinctly understood that the net profits of this business is to be divided equally between R. E. Garner and A. J. Bunch, and it is also understood that A. J. Bunch shall have a drawing account of $250 per month. This salary to come out of A. J. Bunch's part of the profits of the business. It is the intention of this contract that R. E. Garner will furnish the $30,000 capital as against A. J. Bunch's ability as manager.

"This contract shall run for five years, and in the event of the death of either party the surviving member of the firm shall continue the business of the firm, unless it should be mutually agreed between the parties or their heirs or assigns to sell the business, and in such event the surviving member shall have the option to buy at a fair price."

The foregoing contract is in the handwriting of R. E. Garner. It is not subscribed by the parties. Neither plaintiff nor R. E. Garner, nor any one lawfully authorized in writing by either, subscribed their names to it. Garner's name in his handwriting appears in the body of it in four places. The name of Bunch, the plaintiff, appears therein five times. The instrument commences with these words: "The undersigned R. E. Garner and A. J. Bunch." This phrase, "the undersigned" as used therein, indicates the names as used in the contract were not intended as a final signature, but that the instrument was to be signed under it by R. E. Garner and A. J. Bunch. Those words, "the undersigned," indicate also that they intended that the instrument was to be further executed by the parties. The names of Garner and Bunch as found in these places in the body or text of the contract appear to have been written there simply for the purpose of showing what part of the context of the contract is applicable to each party, and for identification of the parties. The name of Garner does not appear to have been written by him in any part of it for the purpose of making his final signature to it nor for the purpose of authenticating the writing as binding on him.

Under our statute, section 4289, Code 1907, the agreement or some note or memorandum thereof, expressing the consideration, must be in writing and "subscribed by the party to be charged therewith." As hereinbefore seen and quoted from White v. Breen, 106 Ala. 172, 19 South. 62, 32 L. R. A. 127, our court said:

"In short, all the law demands is a written statement * * * over the signature of the party sought to be charged. * * *"

In Jenkins v. Harrison, 66 Ala. 345, 360, this court said:

"The statute book contains no more salutary enactment than the statute of frauds. We intend a rigid adherence to its terms and purposes. We would not, if we had the power, add to it exceptions, or relax its operation, to meet the necessities and justice of particular cases. But, when the words of the statute are satisfied—when all its purposes are met—when a contract is in writing, or when there is in writing a note or memorandum of the contract, certain and definite in its terms, signed by the party to be charged, there is all the evidence the statute requires, and it is without application or operation."

The general rule is thus declared in 27 Corpus Juris, 288 (§ 359) 5, headnote 29:

"Under a statute, or particular section thereof requiring the memorandum to be subscribed or to be signed at the end thereof, the signature must be placed at the foot of the instrument."

Under the averments of counts 7 and 8, the contract claimed to be breached did not contain the name of R. E. Garner signed thereto authenticating the instrument as binding on him, nor is his name subscribed thereto as the statute contemplates. Section 4289, Code 1907. Under the contract A. J. Bunch was to draw $250 per month salary, and this was to come out of his one-half of the net profits; and the instrument states on its face that "the contract shall run for five years." By its terms, the agreement was to run for five years, and was not to be performed within one year. This contract, in counts 7 and 8, appears affirmatively obnoxious to and void by the statute of frauds. Section 4289, Code 1907. It was in writing, the consideration was expressed, it was to run for five years, but it was not to be performed within one year, and it was not subscribed by R. E. Garner, the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing.

The demurrers to these counts point out the invalidity; and the court did not err in sustaining them.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.